570 A.2d 597

**John W. SMITH, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 8, 1989.

Decided Feb. 7, 1990.

Jonathan Birbeck, Asst. Public Defender, with him, Donald R. Dorer, Sr. Asst. Public Defender, for petitioner.

Robert Greevy, Chief Counsel, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

DOYLE, Judge.

Before us for consideration is a petition for leave to withdraw as appointed counsel filed by the Cumberland County Public Defender (Counsel) pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon*, 495 Pa. 467, 434 A.2d 1185 (1981). Counsel was appointed by this Court to represent John Wayne Smith, an indigent prisoner incarcerated at the State Correctional Institution at Camp Hill (SCI–Camp Hill).

Smith was paroled by the Pennsylvania Board of Probation and Parole (Board) on December 20, 1986 from a two-to-four year sentence imposed by the Court of Common Pleas of York County, the result of his conviction for forgery. At the time of his parole, Smith had served

slightly over two years of his sentence, and could have been required to serve an additional twenty-one months and eleven days with a maximum expiration date of October 1, 1988. Smith's parole was conditioned on his observing several special conditions as well as the five general conditions governing all parolees.

Thirteen months later, on January 20, 1988, Smith was arrested by his parole agent for changing his residence without the written permission of the parole supervision staff. The Board filed its detainer and, on January 26, 1988, charged Smith with three technical parole violations; condition 2 because he had changed residences without permission, condition 3(a) because he had failed to report regularly to the parole supervision staff; and, condition 5(b) for possession of a weapon.

A parole revocation hearing was held on February 2, 1988 at the Lancaster County Prison, at which Smith was represented by an attorney. The hearing examiner found that by a preponderance of the evidence the Board had established violations of conditions 2 and 3(a), but not condition 5(b). By an order recorded on March 2, 1988 and mailed on March 30, 1988, the Board recommitted Smith to a state correctional institution as a technical parole violator (TPV) to serve nine months backtime. In effect, the Board recommitted Smith to serve the remainder of his unexpired term, that is, eight months and eleven days (twenty-one months, eleven days minus the thirteen months between Smith's December 20, 1986 parole and his January 20, 1988 arrest as a TPV), with a maximum expiration date of October 1, 1988.

In the interim, on February 19, 1988, Smith was charged in Lancaster County with two counts of forgery. On September 19, 1988, a recommended plea of guilty to both counts was accepted by the Court of Common Pleas of Lancaster County and Smith was sentenced to one-to-three years at SCI–Camp Hill. The Board filed its detainer on September 30, 1988 and verified Smith's sentence on October 6, 1988. In a decision mailed October 13, 1988, the Board modified its action of March 2, 1988 (recommitting

Smith as a TPV to serve nine months backtime) to read "when available." Smith was charged as a convicted parole violator (CPV) and notified of the charges on November 18, 1988, and a revocation hearing was scheduled for January 20, 1989 at SCI–Camp Hill.

The revocation hearing was held as scheduled with Smith represented by Counsel. In a decision recorded on February 13, 1989 and mailed on March 8, 1989, the Board referred to its previous recommitment of Smith as a TPV to serve the remaining eight months and eleven days of his sentence and further recommitted Smith as a CPV to serve fifteen (15) months backtime, for a total of twenty-three months, eleven days, in effect his unexpired term of twenty-one months, eleven days.

Smith petitioned the Board for administrative relief on March 14, 1989, and alleged that the Board erred when it recalculated his maximum expiration date to be June 11, 1990. By letter mailed April 17, the Board acknowledged a ten-day error in the calculation of Smith's maximum expiration date and accelerated that date to June 1, 1990, but denied any other error. However, the Board did return Smith's case to the Pre–Parole Analysis Unit for review and recomputation. Smith's subsequent petition to this Court for review was dismissed as an appeal from a non-final order because the Board's return of Smith's case to the Pre–Parole Analysis Unit was viewed as a remand to that unit. Smith thereupon filed another request for administrative relief which was denied by the Board. He then filed an amended petition for review with this Court in which he alleged (1) that the Board erred in recalculating his maximum expiration date and (2) that his right to due process under the Pennsylvania and United States Constitutions was violated.

Counsel, after a review of the record, has concluded that Smith's petition has no merit and is wholly frivolous. As required by *McClendon*, Counsel notified Smith of the petition to withdraw and advised him that he could respond by securing substitute representation or by filing a pro se

brief. As Smith has failed to do either, it is only Counsel's petition to withdraw that is before us.

■ The first issue for our consideration is whether the Board miscalculated Smith's maximum expiration date. As noted *supra,* when Smith was paroled, his unexpired term totaled twenty-one months and eleven days. Upon his arrest as a TPV, Smith owed the Board eight months and eleven days time. Because Smith was charged as a TPV only, the Board was not entitled to recommit him for any time at liberty on parole. *Gregory v. Pennsylvania Board of Probation and Parole,* 111 Pa.Commonwealth Ct. 118, 533 A.2d 509 (1987). As such, the Board's decision to recommit Smith for nine months, in effect the remainder of his unexpired term, was correct (assuming that as a result of that recommitment he would not serve any backtime beyond his then maximum date of October 1, 1988).

■ After Smith was charged with two counts of forgery by Lancaster County authorities on February 19, 1988, the Board modified its previous decision to read "when available," because Smith was then in the custody of the county rather than the Board. The Board correctly gave Smith credit for the twenty-nine days between his January 20, 1988 arrest by the Board and his February 19, 1988 arrest by Lancaster County authorities because he was incarcerated solely on a Board warrant during that period. *Zazo v. Pennsylvania Board of Probation and Parole,* 80 Pa.Commonwealth Ct. 198, 470 A.2d 1135 (1984). However, where, as here, a parolee is incarcerated following a new arrest and does not post bail, that time in jail is not credited to the initial sentence upon recommitment as a CPV because the parolee was not incarcerated solely on a Board warrant. *Id.* Pre-trial confinement time is credited to the sentence received upon conviction of the new charge(s), or, if the parolee is acquitted, the time is credited to his parole sentence. *Gaito v. Pennsylvania Board of Probation and Parole,* 488 Pa. 397, 412 A.2d 568 (1980).

■ When Smith was later found guilty of the forgery charges, the Board then sentenced him as a CPV to serve fifteen months backtime in addition to the eight months and eleven days remaining on his unexpired term, for a total of twenty-three months and eleven days, or in effect his unexpired term of twenty-one months and eleven days; again assuming that Smith would not, and could not, serve more than his original four-year sentence.[1] The Board thus took Smith's total unexpired term in two segments. The first was a result of his technical violations and did not include any time spent at liberty on parole. The second segment, following his forgery conviction, took away the time that Smith spent at liberty on parole.

When we apply the twenty-nine days commitment credit to the twenty-one months and eleven days remaining in Smith's unexpired term, Smith is still obligated to the Board for twenty months and twelve days. As Smith became available to the Board upon his September 19, 1988 conviction in Lancaster County, his maximum expiration date was June 1, 1990, the date calculated by the Board. Therefore, we conclude that the Board correctly calculated Smith's maximum expiration date and that Smith's argument to the contrary is meritless.

Smith also contends that the Board violated his due process rights in three instances: first, that the parole agent was without authority to arrest him without a warrant, second, that he did not receive notice of the CPV charges against him until fifty-two days after his maximum date, and third, that his January 20, 1989 revocation hearing was untimely in that it was held more than 120 days after his forgery conviction.

■ With regard to Smith's first contention, Section 27 of the Board's enabling act, Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.27, states that:

1. We have performed the necessary calculations and have ascertained that the June 1, 1990 maximum date does not exceed Smith's original four-year sentence.

> Parole officers appointed by the board are hereby declared to be peace officers and are hereby given police power and authority throughout the Commonwealth to arrest without warrant, writ, rule or process any parolee or probationer under the supervision of the board for failing to report as required by the terms of his probation or parole, or for any other violation thereof.

Smith however, cites *Commonwealth v. Brown*, 240 Pa.Superior Ct. 190, 361 A.2d 846 (1976), for the proposition that an arrest warrant was needed before the Board agent could take him into custody. Smith's interpretation is incorrect because *Brown* stands for the proposition that a parole officer must, in other than normal circumstances, obtain a *search* warrant prior to searching a parolee's premises. Based upon Section 27 of the Board's enabling act, we hold that the Board agent's warrantless arrest of Smith was proper.

█ As to Smith's second contention, the Board notified him on November 18, 1988, after his maximum date of October 1, 1988, that he was being charged as a CPV and of the nature of those charges. This notice was given well before his January 20, 1989 revocation hearing. Because we find this to be sufficient notice, and because we find no authority, administrative, statutory or otherwise, for the proposition linking maximum release date to timely notice of charges, we reject Smith's argument.

█ Finally, Smith contends that his January 20, 1989 revocation hearing was untimely in that it was held more than 120 days after his forgery conviction. However, 37 Pa.Code § 71.4(1) provides that a revocation hearing must be held within 120 days "from the date the Board received *official verification* ... of the guilty verdict." (Emphasis added.) Although Smith was convicted on September 19, 1988, the record clearly shows that the Board received official verification on October 6, 1988. Therefore, the computation of the 120–day period began on October 7, 1988, *see* 1 Pa.C.S. § 1908, putting the January 20, 1989 revocation hearing 106 days from that date.

Accordingly, having found that Smith's petition for review is without merit and wholly frivolous, Counsel's petition to withdraw is granted and we affirm the Board's order.

### ORDER

NOW, February 7, 1990, the petition for leave to withdraw as counsel filed by the Cumberland County Public Defender in the above-captioned matter is granted and the order of the Pennsylvania Board of Probation and Parole is affirmed.