578 A.2d 1381

Paul L. MORRISON, Petitioner,

v.

COMMONWEALTH of Pennsylvania, PENNSYLVANIA
BOARD of PROBATION and PAROLE, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 28, 1990.

Decided Aug. 21, 1990.

Al Flora, Jr., First Asst. Public Defender, for petitioner.
No appearance for respondent.

Before DOYLE and BYER, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us for our consideration is a petition for leave to withdraw as appointed counsel filed by the Luzerne County Public Defender (Counsel) pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *Commonwealth v. McClendon,* 495 Pa. 467, 434 A.2d 1185 (1981). Counsel was appointed by this Court to represent Paul L. Morrison, an indigent prisoner incarcerated at the State Correctional Institution at Dallas.

Morrison was paroled by the Pennsylvania Board of Probation and Parole (Board) on July 14, 1987 from a four and one-half to nine-year sentence imposed by the Court of Common Pleas of Philadelphia County, the result of his conviction for conspiracy and burglary. At the time of his parole, Morrison had served four years, seven months and seventeen days of his sentence, and could have been required to serve an additional four years, four months and thirteen days with a maximum expiration date of November 27, 1991.[1] Morrison's parole was conditioned on his observing several special conditions as well as the five general conditions governing all parolees.[2]

On December 17, 1987, the Board declared Morrison to be delinquent as of October 23, 1987 due to his failure to maintain contact with the parole supervision staff after October 22, 1987. Also, at some time previous to his being

---

1. In his petition for review to this Court, Morrison alleges that at the time of his parole he had served five years and fourteen days of his sentence and that he thus had three years, eleven months and sixteen days remaining on his original sentence. We are unable to discern the basis in the record for this calculation. However, based upon our review of the record, it is clear that Morrison's figures are erroneous.

2. General parole conditions are found at 37 Pa.Code § 63.4, and special conditions are authorized by 37 Pa.Code § 63.5.

declared delinquent, Morrison apparently moved from his approved residence without the written permission of the parole supervision staff.

Subsequent to his being declared delinquent, Morrison was arrested by Philadelphia Police on February 18, 1988 and charged with arson, risking a catastrophe, and recklessly endangering another person. He was unable to post the required bail and remained in custody in lieu thereof. The Board filed its detainer on February 23, 1988 and, on that date, notified Morrison that he was charged with technical violations of parole Condition 2, that is, changing his approved residence without prior written permission, and Condition 3a, failure to maintain regular contact with the parole supervision staff. A preliminary and detention hearing was held on March 4, 1988 at which Morrison was represented by an attorney. Probable cause was established with regard to the alleged technical violations and as to the detainer on the new criminal charges. Morrison then requested that his violation/revocation hearing be continued until further written notice, to await disposition of the outstanding criminal charges.

Morrison was found guilty of the charges on January 4, 1989 and on March 2, 1989 was sentenced to one and one-half to three years imprisonment at a state correctional institution. A violation/revocation hearing was held on April 24, 1989 at which Morrison was represented by an attorney. Thereafter, the Board entered the following:

AS RECORDED ON 060989 THE BOARD OF PROBATION AND PAROLE RENDERED THE FOLLOWING DECISION IN YOUR CASE:

Recommit to a state correctional institution as a technical and convicted parole violator to serve *a total of 54 months on backtime, in effect unexpired term—4 Years 4 Months 13 Days.*

12 Months for violation of condition #3A, failure to maintain contact.

42 Months for the offenses of arson, risking catastrophe and recklessly endangering another person. (Emphasis added.)

The Board also recalculated Morrison's maximum sentence expiration date as October 22, 1993. Morrison's petition to the Board for administrative relief, in which he alleged, *inter alia*, that the backtime imposed by the Board exceeded his original maximum sentence, was subsequently denied by the Board.

Before this Court, Morrison presents the same issue for our review. Counsel, after a review of the record, has concluded that Morrison's claim is wholly frivolous. As required by *Craig v. Pennsylvania Board of Probation and Parole*, 93 Pa.Commonwealth Ct. 586, 502 A.2d 758 (1985), Counsel notified Morrison of the petition to withdraw and advised him that he could respond by securing substitute representation or by filing a pro se brief. As Morrison has failed to do either, it is only Counsel's petition to withdraw that is before us.

The gravamen of Morrison's argument is that the Board illegally extended his maximum sentence date from November 27, 1991 to October 22, 1993 [3] when it recommitted him to serve fifty-four months on backtime. In this regard, we can and do take judicial notice that twelve months and forty-two months when added total fifty-four months; but that four years, four months and thirteen days total fifty-two months and thirteen days, not fifty-four months.

3. In his petition for review to this Court, Morrison relies on the original language found in Section 21 of what is popularly known as the "Parole Act," Act of August 6, 1941, P.L. 861, *as amended*, 61 P.S. § 331.21, which read that if, when "a person is paroled he has been imprisoned for a period in excess of [his] minimum [sentence], the period of parole may be extended ... beyond the maximum term imposed, but in no case in excess of the maximum sentence provided by law [for that offense]." However, this language was initially amended by Section 10 of the Act of May 27, 1943, P.L. 767, and was later completely deleted by Section 4 of the Act of August 24, 1951, P.L. 1401. In any event this language does not support Morrison's claim. Nevertheless, we will address Morrison's claim in light of the current law, as set forth *infra*.

Recently, in *Smith v. Pennsylvania Board of Probation and Parole*, 131 Pa.Commonwealth Ct. 360, 570 A.2d 597 (1990), we discussed from an administrative standpoint the mechanics of recalculating a parolee's maximum date upon his or her recommitment as a convicted parole violator (CPV). We concluded in that decision that the Board had correctly recalculated Smith's maximum expiration date when it recommitted him as a CPV for the remainder of his unexpired term because he would not thereby be incarcerated for a period greater than that called for by his original sentence.

In the instant case, the Board recommitted Morrison for "a total of 54 months on backtime—in effect [the] unexpired term [of] 4 Years 4 Months 13 Days." This language indicates that the technical violation and the new convictions merited fifty-four months backtime. However, because Morrison did not have that much time remaining on his sentence, he had instead fifty-two months, thirteen days, he is required to serve that unexpired term. As noted *supra*, we approved such a result in *Smith* because our calculations indicated that Smith would not be incarcerated for a period greater than that mandated by his original sentence. We will perform these calculations here in order to ascertain whether Morrison's new maximum date of October 22, 1993 was correct.

 Initially, under Section 21.1(a) of the Parole Act,[4] 61 P.S. § 331.21a(a), a parolee who is recommitted as a CPV shall be recommitted to serve the balance of the term which he or she would have been required to serve had he or she not been paroled, *i.e.*, no credit is given for time at liberty on parole. In this case therefore, Morrison is not entitled to credit for the period from July 14, 1987 to February 18, 1988, and, upon recommitment, still owed four years, four months and thirteen days on his original sentence. Next, as we set out in *Smith*, where, as here, a parolee is incarcerat-

4. Section 21.1 was added to the Parole Act by Section 5 of the Act of August 24, 1951, P.L. 1401 and was amended by Section 1 of the Act of June 28, 1957, P.L. 429.

ed following a new arrest and does not post bail, that time in jail is not credited to the original sentence upon recommitment as a CPV because the parolee was not incarcerated solely on a Board warrant. Rather, pre-trial confinement time is credited to the sentence received upon conviction of the new charge(s) or, if the parolee is acquitted, the time is credited to his parole sentence. Finally, a convicted parole violator can begin to serve the remainder of his or her original sentence only after he or she is recommitted by the Board. *Sherrell v. Pennsylvania Board of Probation and Parole,* 111 Pa.Commonwealth Ct. 209, 533 A.2d 1089 (1987).

Applying these principles to the facts of the instant case yields the following. Morrison was initially paroled on July 14, 1987 with a maximum expiration date of November 27, 1991. At that time he had four years, four months and thirteen days remaining on his original sentence. He was arrested on February 18, 1988 and held in lieu of $10,000 bond. He was found guilty of the new charges on January 4, 1989 and was sentenced to a term of one and one-half to three years imprisonment in a state correctional institution; no time was therefore credited to his original sentence. A violation/revocation hearing was conducted by the Board on April 24, 1989 and its recommitment decision was issued on June 9, 1989. As such, Morrison's new maximum date is calculated by adding the four years, four months and thirteen days remaining on his original sentence to the June 9, 1989 recommitment date, thus providing a new maximum date of October 22, 1993, the date fixed by the Board. Pursuant to Section 21.1(a) of the Parole Act this sentence will be served out before the sentence imposed for the new convictions is served. The period from February 18, 1988 to June 9, 1989 which Morrison spent in custody on the new charges prior to this recommitment is properly applied to his one and one-half to three-year sentence imposed as a result of his new convictions.

Accordingly, because we find that Morrison will not be incarcerated for a period greater than that called for by his

original sentence, his claim is wholly frivolous. Therefore, the petition for leave to withdraw as appointed counsel filed by the Luzerne County Public Defender is granted. Further, because we conclude that Morrison's claim is without merit, we affirm the Board's denial of administrative relief.

## ORDER

NOW, August 21, 1990, the petition for leave to withdraw as appointed counsel filed by the Luzerne County Public Defender in the above-captioned matter is granted and the order of the Board is affirmed.