**Edward HARRIS**

v.

**Donald T. VAUGHN.**

**Civ. A. No. 90–5285.**

United States District Court, E.D. Pennsylvania.

March 20, 1991.

Mark S. Stewart, Ballard, Spahr, Andrews & Ingersoll, Philadelphia, Pa., for plaintiff.

John O.J. Shellenberger, Office of Atty. Gen., Philadelphia, Pa., for defendant.

## MEMORANDUM

LUDWIG, District Judge.

In this § 1983 action, plaintiff Edward Harris, an inmate and former parolee, claims to have been illegally detained beyond the expiration of his original sentence. Defendant Donald T. Vaughn, superintendent of the State Correctional Institution at Graterford, moves for summary judgment. Fed.R.Civ.P. 56.[1]

### I.

The following is undisputed: On April 9, 1985 plaintiff Edward Harris pleaded guilty to voluntary manslaughter and was sentenced to three to six years in prison. The maximum expiration date of plaintiff's sentence, as listed on his "Sentence Status Summary," was June 21, 1990.[2] On December 1, 1987 he was released on parole. On May 23, 1989, while on parole, he was arrested and charged in three counts with burglary, trespass and conspiracy. On May 25, 1989, the Pennsylvania Board of Probation and Parole having issued a "Warrant to Commit and Detain," plaintiff was remanded to the State Correctional Institution at Graterford.

On June 6, 1989, at the preliminary detention hearing, the examiner found probable cause both as to technical conditions and the new criminal charges and recommended that plaintiff be detained pending disposition. On that date, plaintiff executed a request that his final violation hearing be continued until disposition of the criminal charges occurred. On September 5, 1990, plaintiff, on a plea of nolo contendere, was sentenced by the Philadelphia Court of Common Pleas to one to three years.

On October 30, 1990, at the final parole violation hearing, the Parole Board recommitted plaintiff, as a convicted parole violator, for 24 months.

### II.

Plaintiff maintains that his detention beyond June 21, 1990, the original maximum expiration date of his 1985 sentence, was a violation of his constitutional rights.

Although the warrant [to commit and detain] seemingly authorizes the Board to detain Mr. Harris indefinitely, its pow-

---

1. Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. The movant must show that there is no triable issue. The nonmovant having the burden of proof at trial must point to affirmative evidence in the record—and not simply rely on allegations or denials in the pleadings—in order to defeat a properly supported motion. *Celotex Corp. v. Cartrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Williams v. Borough of West Chester,* 891 F.2d 458, 460, 463–64 (3d Cir.1989).

2. A "Sentence Status Summary" is a document prepared by the Pennsylvania Department of Corrections that contains data about a defendant and his criminal history as relates to sentencing and parole.

er to do so is curtailed by the length of the Board's legal jurisdiction over Mr. Harris, and by the time frame, mandated by state law, in which Mr. Harris must have been given a series of hearings. Pltf. mem. at 6.

"A parolee may be detained on a Board warrant pending disposition of a criminal charge [after an] examiner conducts a detention hearing." 37 Pa.Code § 71.3 (1991). Pennsylvania law further provides: "The parolee shall remain in the legal custody of the Board until the expiration of his maximum sentence, or until he is legally discharged." 37 Pa.Code § 63.2 (1991). The parolee shall "not be incarcerated for a period greater than that called for by his original sentence." *Morrison v. Bd. of Probation & Parole*, 134 Pa.Commw. 488, 578 A.2d 1381, 1383 (1990). However, if a parolee is recommitted as a convicted parole violator, "he shall be reentered to serve the remainder of the term which [he] would have been compelled to serve had he not been paroled, and he shall be given no credit for the time at liberty on parole." 61 P.S. § 331.21a(a) (Purdon 1964). As a result, upon recommitment as a convicted parole violator, the original date upon which a parolee's sentence was to have expired may be extended beyond that set forth in his "Sentence Status Summary."

Between April 9, 1985—the date of his guilty plea—and December 1, 1987—the date he was released on parole—plaintiff served almost 32 months of his three to six year sentence. He could have been required to serve about 40 additional months. On May 23, 1989 plaintiff was re-arrested and on September 5, 1990 was recommitted as a convicted parole violator. "[A] parolee who is recommitted as a [convicted parole violator] shall be recommitted to serve the balance of the term which he or she would have been required to serve had he or she

not been paroled, i.e., no credit is given for time at liberty on parole." *Morrison v. Bd. of Probation & Parole*, 134 Pa. Commw. 488, 578 A.2d at 1383. Therefore, the maximum expiration date of plaintiff's sentence could have been extended by some 40 months to September 23, 1992. 61 P.S. § 331.21a(a) (Purdon 1964).

Plaintiff does not contest that his maximum sentence expiration date could have been recalculated to take into account the time he was on parole. Rather, his memorandum maintains that the Board lost jurisdiction over him when the original maximum expiration date—June 21, 1990—passed without any extension or re-adjustment. It notes that he had been informed by a parole assistant at Graterford as to his release date; he received and began completing a sign-out sheet from the Graterford record office; and he received no notice to the contrary from his parole agent. *See* pltf. mem. However, none of these asserted grounds affected the Board's basis for continuing jurisdiction. Two weeks before his maximum expiration date, at the preliminary detention hearing, plaintiff was notified that he was being charged as a parole violator. This notice was timely. Even post-expiration notice has been held to comport with due process. *See, e.g., Smith v. Bd. of Probation and Parole*, 131 Pa.Commw. 360, 570 A.2d 597, 600 (1990) ("Because we find [notice six weeks after the expiration of his maximum date] to be sufficient notice, and because we find no authority, administrative, statutory or otherwise, for the proposition linking maximum release date to timely notice of charges, we reject [plaintiff's] argument").[3]

Moreover, the delay in holding the final parole violation hearing did not violate plaintiff's due process rights.

---

**3.** Plaintiff also suggests that because his pre-trial confinement time was credited to the sentence on the new charges, his detention on the parole violation must have been unjustified. This view is not correct.

> [W]here, as here, a parolee is incarcerated following a new arrest and does not post bail, that time in jail is not credited to the initial sentence upon recommitment as a [convicted

parole violator] because the parolee was not incarcerated solely on a Board warrant. Pretrial confinement time is credited to the sentence received upon conviction of the new charge(s), or, if the parolee is acquitted, the time is credited to his parole sentence.

*Smith v. Bd. of Probation & Parole*, 131 Pa. Commw. 360, 570 A.2d 597, 599 (1990) (citations omitted).

In determining the period for conducting [parole violation hearings], there shall be excluded from the period, a delay in any stage of the proceedings which is directly or indirectly attributable to ... [c]ontinuances granted at the request of a parolee or counsel, in which case the Board is not required to reschedule the hearing until it receives a written request to reschedule the hearing from the parolee or counsel.

37 Pa.Code § 71.5 (1991).

On June 6, 1990 plaintiff executed a request that his final parole violation hearing be continued pending the disposition of his criminal charges. *See* pltf. mem. exh. D. He does not claim to have requested an earlier hearing.[4]

As there is no triable issue, defendant's motion for summary judgment must be granted.

---

4. Plaintiff's argument that he "was forced to request a continuance" of his final parole violation hearing, pltf. mem. at 8, is not supported in the record.