**Curtis BOWMAN, Petitioner**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted May 25, 2007.

Decided July 17, 2007.

David Crowley, Bellefonte, for petitioner.

Arthur R. Thomas, Asst. Counsel and Victoria S. Madden, Chief Counsel, Harrisburg, for respondent.

BEFORE: LEADBETTER, President Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY SENIOR Judge McCLOSKEY.

Curtis Bowman (Petitioner) petitions for review from a determination of the Pennsylvania Board of Probation and Parole (Board) recalculating Petitioner's parole violation maximum date. For the reasons that follow, we affirm.

On December 6, 1990, the Board paroled Petitioner from his original four-year state prison sentence with an original maximum term expiry of December 6, 1992. On June 19, 1991, Philadelphia Police arrested Petitioner on a new state firearms charge. Petitioner was released on bail and, thereafter, on June 21, 1991, he was detained on a Board warrant. Petitioner was returned to the State Correctional Institution at Graterford. After a detention hearing on July 18, 1991, Petitioner was ordered to be detained pending disposition of the new charges on August 14, 1991.

On September 26, 1991, the prosecution of these charges was withdrawn by county authorities in order to facilitate a federal prosecution for the precipitating event. On that date, Petitioner was moved on a writ to the Federal Detention Center in Philadelphia where federal agents arrested him on a new federal firearms charge. Petitioner did not post bail and was immediately returned to Graterford.

On December 2, 1991, Petitioner pleaded guilty to his new federal firearms charge in the United States District court for the Eastern District of Pennsylvania (District Court). On March 2, 1992, the District Court sentenced Petitioner to serve a new term of imprisonment of 188 months (fifteen years, eight months) in the custody of the United States Bureau of Prisons (BOP).

By order dated August 11, 1992, the Board recommitted Petitioner as a convicted parole violator to serve eighteen months backtime. On October 29, 1992, Petitioner was returned to the custody of the BOP to serve his new 188–month federal sentence. On August 16, 2006, fourteen years, ten months and twenty-one days after Petitioner's arrest by federal agents, he was returned to a Pennsylvania State prison.

By a recalculation order mailed November 22, 2006, the Board announced a recalculated maximum term expiry of April 19, 2008, for Petitioner's original four-year State prison sentence. The recalculation order did not credit Petitioner's original four-year state prison sentence with: (1) 158 days from September 26, 1991, to March 2, 1992, that he had been confined on a new federal criminal charge on which he had not posted bail; or (2) 241 days from March 2, 1992, to October 29, 1992, that he had been confined because of his new federal sentence while he awaited return to the BOP to serve his new federal sentence.

On December 8, 2006, Petitioner filed a petition for administrative review of the recalculation order. By determination mailed December 26, 2006, the Board affirmed the recalculation order. Petitioner now appeals to this Court.[1]

1. A court's scope of review of a decision by the Board is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether the constitutional rights of the parolee was violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Initially, Petitioner asserts that additional pre-sentence confinement credit from September 26, 1991, through March 2, 1992, must be applied to his original sentence because it could not be applied to his new sentence.

The general rule governing the allocation of credit for time served awaiting disposition of a new criminal charge was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole*, 488 Pa. 397, 412 A.2d 568 (1980). In *Gaito*, the Supreme Court held that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term ... only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him." *Gaito*, 488 Pa. at 403, 412 A.2d at 571. If, on the other hand, "a parolee is not convicted, or if no new *sentence* is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence." *Gaito*, 488 Pa. at 404, 412 A.2d at 571 n. 6 (emphasis added).

In the cases following *Gaito*, this Court held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not posted, must be applied toward the new sentence and not to the original sentence. *See, e.g., Davidson v. Pennsylvania Board of Probation and Parole*, 722 A.2d 232 (Pa.Cmwlth.1998). In this regard, even if the "sentence" imposed was only a fine or a period of probation, and not a period of incarceration, we held that the convicted parolee was not entitled to credit on the original sentence for time served awaiting disposition of those pending charges. *See, e.g., Gallagher v. Pennsylvania Board of Probation and Parole*, 804 A.2d 729 (Pa.Cmwlth.2002)(probation);

*McCoy v. Pennsylvania Board of Probation and Parole*, 793 A.2d 1004 (Pa. Cmwlth.2002)(fine); *Owens v. Pennsylvania Board of Probation and Parole*, 753 A.2d 919 (Pa.Cmwlth.2000)(a sentence of guilt without further penalty was a sentence of time served to which all of the pre-sentence custody credit could be applied). Additionally, we held that a parolee who received a new sentence which was less than the period of time spent in presentence custody, was not entitled to a credit against his original sentence for that excess time. *Berry v. Pennsylvania Board of Probation and Parole*, 756 A.2d 135 (Pa.Cmwlth.2000). In the event no new sentence was imposed due to an acquittal on the new criminal charges, the confinement time served awaiting disposition of the new criminal charges, where bail was not satisfied, was credited to a convicted parole violator's original term. *Morrison v. Pennsylvania Board of Probation and Parole*, 134 Pa.Cmwlth. 488, 578 A.2d 1381 (1990) (acquittal); *Davidson v. Pennsylvania Board of Probation and Parole*, 667 A.2d 1206 (Pa.Cmwlth.1995) (nol pros).

In *Martin v. Pennsylvania Board of Probation and Parole*, 576 Pa. 588, 840 A.2d 299 (2003), our Supreme Court had occasion to address this Court's interpretation of *Gaito* as it related to the allocation of presentence confinement time when a new sentence was imposed. In particular, the Court determined what credit was owed to a parolee who is incarcerated because of both a Board warrant and new criminal charges, while awaiting trial on these criminal charges.

In *Martin*, the parolee was on parole from his ten-year prison sentence when, on May 30, 2000, he was arrested and charged, *inter alia*, with two counts of driving under the influence (DUI). That same day, the Board lodged a detainer

against him. The parolee did not post bail. On July 19, 2001, the parolee was convicted and sentenced to forty-eight hours time served and one year of probation, to be served after serving his prior sentence. On November 6, 2001, after a parole revocation hearing, the parolee was recommitted to serve six months backtime.

The parolee in *Martin* sought administrative relief to challenge the Board's recalculation of his maximum date of expiry, asserting that it failed to give him credit for all of the time he served on the Board's detainer. Specifically, he asserted that because the DUI sentence imposed was forty-eight hours time served,[2] his original sentence should have been credited for the remaining time he spent in custody, which was from June 1, 2000, to July 19, 2001. The Board rejected the parolee's request for relief and we affirmed, relying on *Gaito* and its progeny.

On appeal, the Supreme Court reversed, explaining that its decision in *Gaito* was intended to establish that an offender should receive credit on his original sentence for presentence incarceration where the conviction for the new charge does not lead to a new period of incarceration.[3]

Thus, the *Martin* court held that where an offender is incarcerated on both the Board's detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or original sentence. Otherwise, the Court reasoned, an indigent offender, who is unable to post bail, would serve more time in incarceration than an offender who posts bail. Such a result would be violative of principles of equity. Accordingly, the Supreme Court concluded that the posting of "bail is not determinative as to whether the offender receives credit for time served." *Id.* at 605–06, 840 A.2d at 309. Applying equitable principles of allocation to the parolee's situation, the Supreme Court concluded that the parolee was entitled to credit toward his original sentence for the remainder of his precustody time served.

Following *Martin,* this Court has applied the "*Martin* rule" whenever the parolee's new sentence was less than the time spent in custody awaiting trial on the new charges. *See, e.g., Hears v. Pennsylvania Board of Probation and Parole,* 851 A.2d 1003 (Pa.Cmwlth.2004)(the petitioner's new sentence of four days was less than the pre-sentence custody time of four months, twenty days); *Jones v. Pennsylvania Board of Probation and Parole,* 872 A.2d 1283 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 586 Pa. 731, 890 A.2d 1061 (2005).

In *Melhorn v. Pennsylvania Board of Probation and Parole,* 883 A.2d 1123 (Pa. Cmwlth.2005), *reversed,* 589 Pa. 250, 908

---

**2.** Because the DUI sentence also included one year of probation that did not start until after completion of the robbery sentence, the pretrial time in custody could not be applied to his probation sentence.

**3.** The Supreme Court emphasized that a footnote in *Gaito* had been misconstrued. The footnote stated that "if a parolee is not convicted, or if no new *sentence* is imposed for that conviction on the new charge, the pretrial custody time must be applied to the parolee's original sentence." *Gaito,* 488 Pa. at 404, 412 A.2d at 571, n. 6 (emphasis sup-

plied). The *Martin* court explained that what it intended to convey in the footnote was that:

'[I]f a parolee is not convicted, or if no new [period of incarceration] is imposed for that conviction on the new charge, the pre-trial custody time must be applied to the parolee's original sentence.' Our use of the word 'sentence' instead of 'period of incarceration,' inadvertently directed the Board and the Commonwealth Court to the statutory definition of 'sentence,' which includes sentencing alternatives other than incarceration.

*Martin,* 576 Pa. at 599–600, 840 A.2d at 305.

A.2d 266 (2006), this Court was faced with a situation where a parolee's new sentence was *greater than* his presentence time in confinement. In that case, the parolee was confined for five months, ten days, because of a Board detainer and new criminal charges on which he did not post bail. The parolee pleaded guilty and was sentenced to a term of no less than six months and no more than twenty three and a half months, which exceeded his pre-sentence confinement. The trial court did not credit the parolee's presentence custody to his new sentence. Upon recommitting the parolee as a parole violator and recalculating his maximum expiration date, the Board did not credit the parolee's presentence custody to his original sentence. The parolee sought administrative relief that was denied. Thereafter, the parolee petitioned for review to this Court.

In our decision, we held that because the award of credit is equitable in nature, the parolee should have received credit on his original sentence for his presentence confinement. After deciding that the parolee should not have been denied credit towards his original sentence when the sentencing court failed to credit his time served awaiting disposition on the new charges, we reversed and directed the Board to credit parolee's presentence confinement time against his original sentence as requested.

In a brief order, the Supreme Court reversed, citing *McCray v. Department of Corrections*, 582 Pa. 440, 872 A.2d 1127 (2005), *Gaito*, and Section 9760 of the Sentencing Code, 42 Pa.C.S. § 9760.[4]

In *McCray*, the Supreme Court made it clear that issues concerning the proper allocation of credit on a new sentence must be addressed by the sentencing court, or the Superior Court on appeal. *McCray* involved an inmate who had petitioned for writ of mandamus, seeking to compel reversal of an order of the Department of Corrections, denying him credit for time served. The Supreme Court held that it was the duty of the Department of Corrections to credit inmates for all statutorily mandated periods of incarceration, but that it must be done pursuant to the trial court's sentencing orders. The Department, the Court stated, "is charged with faithfully implementing sentences imposed by the courts" and "lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions." *Id.*, 582 Pa. at 450, 872 A.2d at 1133. Hence, under *McCray*, if a trial court does not give an inmate full credit for time served, the Department of Corrections has no duty to give an inmate full credit for time served. The inmate's remedy in this situation is in the trial court and through the direct appeal process.

Most recently, in *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348 (Pa.Cmwlth.2007), this Court had occasion to interpret the Supreme Court's reversal of our decision in *Melhorn*. In *Armbruster*, the parolee sought review of a Board decision denying his request for administrative relief from a Board order recommitting him as a technical and convicted parole violator and recalculating his parole availability date and maximum expiration date. Having failed to post bail, the parolee was incarcerated on both new criminal charges and the Board's detainer. The parolee was convicted on the new criminal charges and was sentenced to a term of eight to twen-

---

4. Section 9760(1) of the Sentencing Code requires the sentencing court to give credit against the maximum term and any minimum term for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based.

ty-four months. The trial court's sentencing order did not, however, indicate that the parolee was to receive credit for time served. He asserted that the Board erred in failing to credit his original sentence with the time he spent in presentence confinement.

In rejecting the parolee's argument, the *Armbruster* court stated:

> [The parolee's] sole basis for requesting credit from the Board is that he was not given credit on his new sentence. Pursuant to Melhorn and McCray, where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court and through the direct appeal process, not through the Board.

> Under the facts presented here, we conclude that the Board properly refused to apply [the parolee's] pre-sentence confinement time towards his original sentence. . . .

*Armbruster*, 919 A.2d at 356.

■ Presently, Petitioner notes that he was sentenced by a federal court on federal charges and that his sentencing order contained no credit for any time served. He contends there is no federal equivalent to Section 9760 of the Sentencing Code which would compel the award of presentence confinement credit to Petitioner's new sentence and that, therefore, the holding in *Armbruster* cannot be applied here.

Petitioner points out that Section 3585 of Title 18 of the United States Code, addresses the commencement of a federal sentence and credit for prior custody and states:

> Calculation of a term of imprisonment.

> (a) Commencement of sentence. A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

> (b) Credit for prior custody. A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences-

> (1) as a result of the offense for which the sentence was imposed; or

> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

> that has not been credited against another sentence.

18 U.S.C.S. § 3585.

Petitioner then states:

> The problem with seeking pre-sentence confinement credit against the new sentence is that the United States Supreme Court has held that for the purposes of 3585(b), a defendant is not in 'official detention' so as to apply pre-sentence credit to his new federal sentence unless he is detained in [a] penal or correctional facility and subject to control of the Bureau of Prisons. *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995). Pre-trial, [Petitioner] was detained primarily at the State Correctional institution at Graterford, which is a State Correctional Institution where he was not in the control of the Federal Bureau of Prisons.

(Petitioner's brief at page 23). Accordingly, Petitioner reasons that, because he was not subject to the control of the BOP from September 26, 1991, through March 2, 1992, that time could not be credited to his federal sentence and should, therefore be applied to his original sentence.

Contrary to Petitioner's assertions, we do not believe that *Reno* stands for the

proposition that an inmate must be subject to the control of the BOP in order to be "in official detention" and therefore entitled to credit for prior custody on his new sentence pursuant 18 U.S.C.S. § 3585. Indeed, it is clear that United States Supreme Court granted certiorari in *Reno* "to resolve a conflict among the Courts of Appeals on the question whether a federal prisoner is entitled to credit against his sentence under § 3585(b) for time when he was 'released' on bail pursuant to the Bail Reform Act of 1984." *Reno*, 515 U.S. at 54, 115 S.Ct. 2021. This is simply not the case here. In fact, the Supreme Court's opinion actually acknowledges that the BOP has the power to grant credit under Section 3585(b) for time spent in state custody. In this regard, the Court stated:

> In some cases, a defendant will be arrested, denied bail, and held in custody pursuant to state law, being turned over later to the Federal Government for prosecution. In these situations, BOP often grants credit under § 3585(b) for time spent in *state* custody, ... even though the defendant was *not* subject to the control of BOP.

*Reno*, 515 U.S. at 63, n. 5, 115 S.Ct. 2021 (emphasis in original). *See also United States of America v. Dowling*, 962 F.2d 390 (5th Cir.1992).[5]

Unlike Pennsylvania Courts of Common Pleas, United States District Courts do not have the power to calculate credit for time spent in custody. Instead, it appears that it is the Attorney General, through the BOP, that possesses the sole authority to make credit determinations pursuant to 18 U.S.C.S. § 3585(b). *See United States v.*

*Whaley*, 148 F.3d 205 (2nd Cir.1998) (citing *United States v. Wilson*, 503 U.S. 329, 333, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992)) (noting that although prisoners may seek judicial review of the BOP's sentencing determinations after exhausting their administrative remedies, the district court is without jurisdiction to compute sentencing credit if a prisoner does not challenge his sentence and has not sought administrative review); *see also United States v. Pardue*, 363 F.3d 695 (8th Cir.2004) (acknowledging that administrative procedures exist with the BOP to review the BOP's failure to credit time the appellant has served and that, once administrative remedies are exhausted, prisoners may then seek judicial review of any jail-time credit determination by filing a habeas petition under 28 U.S.C.S. § 2241).

Based on our review of the record, there is no indication that Petitioner sought sentencing credit on his new federal sentence through the proper administrative channels. Consequently, this case is similar to *Armbruster, Melhorn* and *McCray* in that Petitioner was not given credit on his new sentence for the time spent in custody but now seeks to have it applied to his original sentence. As in *Armbruster*, the remedy is not through the Board but was, instead, through the entity with the power to make credit determinations, in this case the BOP. Simply put, Petitioner's oversight in failing to seek credit on his new federal sentence for his time in custody cannot and should not be rewarded. Accordingly, we conclude that Petitioner's argument is without merit.

---

**5.** In *Dowling,* the Fifth Circuit Court of Appeals recognized that time spent in state custody can be considered "official detention," stating:

> It is uncontroverted and we agree that Dowling's 74–day stay in Orleans Parish

Prison constituted 'official detention' for purposes of 18 U.S.C. § 3585(b). *United States v. Becak,* 954 F.2d 386, 388 (6th Cir.1992)('official detention' means 'incarceration.').

*Dowling,* 962 F.2d at 392.

■ For the reasons set forth above, we must also reject Petitioner's assertion that he is entitled to credit for the days he was detained from March 2, 1992 (the date he was sentenced in federal court), to October 29, 1992 (the date he was returned to the custody of the BOP). If Petitioner desired credit for this time served in custody prior to beginning service on his federal sentence, he should have sought it through administrative channels governed by the BOP. Because there is no indication Petitioner took such initiative, he cannot now seek credit on his original sentence through the Board. *Armbruster, Melhorn* and *McCray*.

The order of the Board is affirmed.

## ORDER

AND NOW, this 17th day of July, 2007, the decision of the Pennsylvania Board of Probation and Parole is hereby affirmed.

## DISSENTING OPINION BY Judge FRIEDMAN.

I respectfully dissent. The majority holds that, because Curtis Bowman (Petitioner) did not pursue federal administrative remedies to receive credit on his federal sentence for pre-sentence confinement in state prison, Petitioner should not be "rewarded" with credit for that time on his original state sentence. (Majority op. at 606.) However, under *Reno v. Koray*, 515 U.S. 50, 115 S.Ct. 2021, 132 L.Ed.2d 46 (1995), a federal prisoner is not entitled to credit for pre-sentence confinement in state prison; thus, it would have been futile for Petitioner to pursue federal administrative remedies. Moreover, the United States Supreme Court did not rule on the propriety of the administrative remedies until March 24, 1992, in *United*

*States v. Wilson*, 503 U.S. 329, 112 S.Ct. 1351, 117 L.Ed.2d 593 (1992), and, by then, Petitioner already had received his sentence in federal court.

### I. *Reno*

Under the federal law governing sentence credit, a defendant is entitled to credit for time spent in "official detention." 18 U.S.C. § 3585(b).

(b) CREDIT FOR PRIOR CUSTODY.—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in **official detention** prior to the date the sentence commences—(1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(b) (emphasis added).

The question presented in *Reno* was whether a federal prisoner is entitled to sentence credit under 18 U.S.C. § 3585(b) for time spent at a treatment center during release on bail, i.e., whether such time constitutes "official detention." The Court first examined the phrase "official detention facility" in 18 U.S.C. § 3585(a) and concluded that it refers to a correctional facility designated by the Bureau of Prisons (BOP) for the service of federal sentences. The Court then stated that the words "official detention" should bear the same meaning in sections 3585(a) and 3585(b). Thus, the Court held that "credit for time spent in 'official detention' under § 3585(b) is available only to those defendants who were detained in a 'penal or correctional facility' **and who were subject to BOP's control.**" *Reno*, 515 U.S. at 58, 115 S.Ct. 2021 (citation omitted) (emphasis added).

Justice Stevens filed a dissenting opinion, pointing out that, under the Court's interpretation, section 3585(b) "does **not** authorize any credit for time spent in **state** custody...." Reno, 515 U.S. at 67, 115 S.Ct. 2021 (Stevens, J., dissenting) (emphasis added). In an apparent response, the Court stated that "we need not and do not rule here on the propriety of BOP's decision to grant credit under § 3585(b) to a defendant who is ... held in the custody of state authorities. Thus, the dissent is simply wrong [regarding the extent of our holding]." *Id.* at 63 n. 5, 115 S.Ct. 2021. In reply, Justice Stevens stated that the majority cannot have it both ways. If "official detention" refers to facilities under the control of the BOP, then it cannot refer to state custody. *Id.* (Stevens, J., dissenting).

*Reno* is binding on this court with respect to the meaning of "official detention" in 18 U.S.C. § 3585(b). As Justice Stevens stated, if "official detention" refers to facilities under the control of the BOP, then "official detention" cannot refer to state custody. Thus, Petitioner would **not** have been entitled to credit under 18 U.S.C. § 3585(b) for time spent in state custody, and it would have been futile for him to pursue administrative remedies in order to obtain such credit.[1]

## II. *Wilson*

When Petitioner was sentenced on March 2, 1992, *Wilson* was pending in the U.S. Supreme Court. The question in *Wilson* was whether the District Court or the Attorney General, through the BOP, is responsible for sentence credit decisions under 18 U.S.C. § 3585(b). On March 24, 1992, the Court held that the Attorney General, through the BOP, was responsible for sentence credit decisions. The Court also held in *Wilson* that BOP administrative procedures promulgated under an earlier statutory provision applied to afford prisoners review of their sentence credit. Until the Court ruled on these matters, Petitioner had no clear administrative remedy.

Thus, although the majority would not "reward" Petitioner for failing to pursue federal administrative remedies, I would not penalize Petitioner for failing to pursue administrative remedies that were, at the time of his sentencing, not true remedies.

Accordingly, I would reverse and remand. I also would direct the Board on remand to give Petitioner credit against his original state sentence for time spent in state custody that was not credited to his federal sentence.

---

1. Although a federal prisoner is not entitled to credit for state confinement under 18 U.S.C. § 3585(b), a federal prisoner does receive credit for state confinement **if** the BOP has designated a state prison as the place of confinement under 18 U.S.C. § 3621(b) (stating the BOP shall designate the place of confinement). *Barden v. Keohane,* 921 F.2d 476 (3d Cir.1990).