IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Goode,  :
             Petitioner  :
                   :
      v.  : No. 1304 C.D. 2023
                   :
Pennsylvania Parole Board,  :
             Respondent  : Submitted: October 8, 2024

BEFORE:   HONORABLE ELLEN CEISLER, Judge
              HONORABLE MATTHEW S. WOLF, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE CEISLER                     FILED: November 14, 2024

Petitioner James Goode (Goode) petitions for review of Respondent Pennsylvania Parole Board's (Board) September 12, 2023 order. Therein, the Board affirmed its May 18, 2023 decision,[1] through which it recommitted Goode as a convicted parole violator (CPV); ordered him to serve 5 years and 29 days of backtime as a result; and recalculated his maximum parole violation date as June 8, 2028. We affirm.

## I. Background

On April 23, 2008, the Court of Common Pleas of Philadelphia County (Common Pleas) sentenced Goode to a carceral term of 5 to 10 years in state prison, on account of Goode's conviction on a single count of unlawful possession of a firearm. C.R. at 1. Then, on June 13, 2008, Common Pleas sentenced Goode to serve a concurrent sentence of 4 to 10 years in state prison, in response to Goode entering

---

[1] This decision is dated May 15, 2023, but was not mailed until May 18, 2023. Certified Record (C.R.) at 104-05.

a guilty plea on three additional charges (manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver; criminal conspiracy; and unlawful possession of a firearm). *Id.* Thereafter, on October 28, 2008, Common Pleas revoked Goode's probation on a previous conviction for manufacture, delivery, or possession of a controlled substance with intent to manufacture or deliver, and imposed a consecutive sentence of two years and six months to five years in state prison. *Id.* The Board subsequently paroled Goode on October 7, 2014, at which point the maximum date on his aggregated April 2008 and October 2008 sentences (Aggregated 2008 Sentences) was April 3, 2022. *Id.* at 5-11.[2]

On May 25, 2017, Goode was arrested in Tinicum Township, Pennsylvania, and subsequently pled guilty in the Court of Common Pleas of Delaware County to a single count of promoting prostitution, for which he was given two years of probation. *Id.* at 12, 14-15, 34. As a result, the Board issued a decision on February 2, 2018,[3] through which it ordered Goode to serve six months of CPV backtime on his Aggregated 2008 Sentences and recalculated the maximum date on those sentences as October 30, 2024. *Id.* at 15-16. Goode was once again paroled on July 10, 2018, at which point he had 2,304 days left on his Aggregated 2008 Sentences. *Id.* at 17-20.

On November 1, 2018, Goode was arrested in Reading, Pennsylvania, and was charged in the Court of Common Pleas of Berks County with a litany of drug trafficking-related crimes, as well as unlawful possession of a firearm and receiving

---

[2] At the time of his release, the maximum date on his June 2008 sentence was June 13, 2018. C.R. at 7. Neither the Board's September 12, 2023 order, nor its May 18, 2023 decision, pertain to Goode's June 2008 sentence.

[3] This decision is dated January 28, 2018, but was not mailed until February 2, 2018. C.R. at 15-16.

stolen property. *Id.* at 35. The Board issued a detainer warrant that same day and, on December 23, 2018, issued a decision that directed that Goode be held in custody until his Berks County charges were resolved. *Id.* at 26-27. While Goode was still in state custody awaiting trial, federal authorities indicted Goode in the United States District Court for the Eastern District of Pennsylvania (District Court) on January 22, 2020, and charged him with a multitude of sex trafficking and racketeering-related crimes. *Id.* at 32, 35, 71-73. Goode was then convicted of these federal crimes on June 2, 2022, whereupon the District Court sentenced him on February 6, 2023, to serve 444 months in federal prison. *Id.* at 35, 93, 99-100. On February 9, 2023, all of Goode's outstanding Berks County charges were *nolle prossed*. *Id.* at 35.

The Board reacted to Goode's federal conviction by holding a parole revocation hearing on April 26, 2023. *Id.* at 37-49. Thereafter, on May 18, 2023, the Board issued a decision through which it recommitted Goode as a CPV to serve the remainder (5 year and 29 days) of his Aggregated 2008 Sentences as backtime; granted him credit for 447 days spent in presentence detention, but none for time spent at liberty on parole; and recalculated his maximum parole violation date on those sentences as June 8, 2028. *Id.* at 102, 04-05.[4] Goode then submitted an administrative challenge to the Board's decision on May 26, 2023; therein, he argued that the Board had erred by failing to give him proper credit towards his Aggregated 2008 Sentences for the time he had been detained after his November 1, 2018 arrest, as well as by extending the maximum date on those sentences. *Id.* at 106-08.[5] On

---

[4] The Board voted to revoke Goode's parole on May 9, 2023. *See* C.R. at 60-70.

[5] Goode also sent the Board a second, identical administrative challenge on June 13, 2023, as well as a letter inquiring about the status of his challenges on July 31, 2023. C.R. at 109-114.

September 12, 2023, the Board denied Goode's administrative challenge. *Id.* at 1115-17.

This petition for review then followed shortly thereafter.

## II. Discussion

Preliminarily, we note that Goode states that his Petition for Review is "in the nature of [a] writ [of] mandamus[,]" and requests that we "issue [a] writ of mandamus to compel the Board to correct the computation" of his Aggregated 2008 Sentences, and to award him credit for all of the aforementioned time spent in pre-sentence custody. Ancillary Pet. for Rev. at 1, 8.

> Mandamus is an extraordinary remedy that is designed to compel the performance of a ministerial or mandatory duty on the part of a governmental body, but will not lie to compel a discretionary act on the part of the governmental body. To obtain relief, a [petitioner] must prove that he or she has a clear legal right in the relief requested, that there is a corresponding duty on the part of the governmental body to grant that relief, and that there is no other adequate and appropriate remedy at law.
>
> While mandamus may not normally be available for actions that involve an agency's exercise of discretion, it may lie where the agency's action is based upon a mistaken view of the law that it has discretion to act when it actually does not.

*Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 776 (Pa. Cmwlth. 1997) (cleaned up). Such actions, when filed against Commonwealth agencies like the Board, come within the original jurisdiction of our Court. *Madden v. Jeffes*, 482 A.2d 1162, 1164 (Pa. Cmwlth. 1984); *see* 42 Pa. C.S. § 761(a)(1) (articulating the scope of the Commonwealth Court's original jurisdiction over civil actions and proceedings lodged "[a]gainst the Commonwealth government").

Here, however, Goode expressly declares that he is challenging the Board's September 12, 2023 order pursuant to our *appellate* jurisdiction, but fails to

4

concurrently assert that he wishes to pursue any *original* jurisdiction claims against the Board. *See* Ancillary Pet. for Rev. at 4 (cleaned up) ("42 Pa. C.S. § 763 establishes this Honorable Court's 'appellate jurisdiction' for purposes of review and order to compel the Department of Corrections/Parole Board to properly calculate/compute Goode's present sentence"); *id.*, Cover Sheet at 2 (titled "Petition for Review (Appellate Jurisdiction)" and stating therein that "[t]his court has appellate jurisdiction over this matter by reason of Section 763(a)(1) of the Judicial Code, 42 Pa. C.S. § 763(a)(1)"); Goode's Br., "Statement of Jurisdiction" ("The Commonwealth Court of Pennsylvania has jurisdiction [over] this matter pursuant to Section []763 of the Judicial Code, [42] Pa. C.S. § 763"; *id.*, "Statement of Scope & Standard of Review" ("This Court's review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether the findings of fact are supported by substantial evidence in the record."). Accordingly, we will treat Goode's Petition for Review as an appeal of the Board's September 12, 2023 order, rather than as an original jurisdiction mandamus action.[6]

Turning to Goode's appellate arguments, they can be distilled as follows: Goode asserts that he is entitled to full credit towards his Aggregated 2008 sentences from the date of his arrest (November 1, 2018) onwards, because he was in state custody the entire time and his federal sentence does not begin until he has completed his state sentences. On this basis, Goode maintains that the Board abused its discretion by failing to give him such credit and by recalculating the maximum date on his Aggregated 2008 Sentences as June 8, 2028. Goode's Br. at 1-6.

---

[6] Under Section 704 of the Administrative Agency Law, our standard of review in this matter is limited to determining whether the Board violated Goode's constitutional rights, committed an error of law, or made findings of fact that were not supported by substantial evidence. 2 Pa. C.S. § 704.

We disagree. As our Supreme Court has explained,

> if a parolee is detained both on a detainer by the . . . Board . . . and for new charges for which he did not satisfy bail requirements, the time spent in custody is to be credited to the sentence imposed for the new charges, but if the parolee met bail requirements for the new charges and was thus detained solely on the Board's detainer, time in custody is to be credited against the original sentence.

*Smith v. Pa. Bd. of Prob. & Parole*, 171 A.3d 759, 761 n.7 (Pa. 2017). Thus, in instances where a parolee is held on a Board detainer and also on new federal charges, all of that time can only be applied towards any resultant federal carceral sentence, rather than the original state sentence, unless the period spent in such detention exceeds the length of the federal sentence. *Id.* at 771-72. Furthermore, "credit for time a [CPV] spends in custody between imposition of a new sentence and revocation of parole must be applied to the new sentence." *Williams v. Pa. Bd. of Prob. & Parole*, 654 A.2d 235, 237 (Pa. Cmwlth. 1995).

These simple rules completely vitiate Goode's argument. In this instance, Goode was held on the Board's detainer and state-level charges in Berks County beginning on November 1, 2018. C.R. at 26, 35. This state of affairs remained in place until he was subsequently arrested by federal authorities on January 22, 2020, and was charged with a multitude of sex trafficking and racketeering-related crimes in the District Court. *Id.* at 32, 35, 71-73. He was then convicted in the District Court and was sentenced to 444 months in federal prison. *Id.* at 35, 93, 99-100. As all of his then-outstanding Berks County charges were subsequently *nolle prossed*, *id.* at 35, Goode was therefore held solely on the Board's detainer from November 1, 2018, until January 22, 2020, a period of 447 days. The time that elapsed between the date of his federal arrest and May 9, 2023, *i.e.*, the date upon which the Board formally voted to revoke Goode's parole, is 1,203 days, far shorter than the length of his

6

federal sentence. Therefore, the Board was only required to award Goode credit towards his Aggregated 2008 Sentences for the aforementioned 447 days that he was ultimately, and exclusively, held on the Board's detainer. *Smith*, 171 A.3d at 761 n.7, 771-72.[7]

That is precisely what the Board did through its May 18, 2023 decision. It recognized that Goode had 2,304 unserved days left on his Aggregated 2008 Sentences, awarded him credit for the 447 days he was held solely on the Board's detainer, and added the resultant 1,857 days to May 9, 2023, the date upon which he returned to Board custody after his parole was revoked. C.R. at 102. The Board consequently arrived at the new (and proper) maximum date on those sentences, June 8, 2028. *Id.*at 102-04. As such, we conclude that the Board did not abuse its discretion through either the amount of time credit it awarded to Goode or through its recalculation of the maximum date on his Aggregated 2008 Sentences.

### III. Conclusion

In accordance with the foregoing analysis, we affirm the Board's September 12, 2023 order.[8]

ELLEN CEISLER, Judge

---

[7] Goode also predicates his argument, in part, on the fact that the Commonwealth, rather than the federal government, had "primary jurisdiction" over him from the date of his arrest in 2018 onward; in Goode's view, this state of affairs obligated the Board to award him all of the time credit he sought. Goode's Br. at 4-6. Goode's position is based upon a misreading of the law, though, as "[t]he doctrine of primary jurisdiction simply relates to the question of which sovereign exercises jurisdiction first over a defendant; it does not govern how credit should be allocated when two or more sovereigns impose sentences." *Smith*, 171 A.3d at 770.

[8] Our decision should not be interpreted as precluding Goode from filing a request with the appropriate federal authorities to have the remaining, unallocated time credit applied towards his federal sentence. *See* 18 U.S.C. § 3585(b); *Bowman v. Pa. Bd. of Prob. & Parole*, 930 A.2d 599, 604-05 (Pa. Cmwlth. 2007).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Goode,                       :
            Petitioner         :
                              :
        v.                   :   No. 1304 C.D. 2023
                              :
Pennsylvania Parole Board,     :
            Respondent       :

# **O R D E R**

AND NOW, this 14th day of November, 2024, it is hereby ORDERED that Respondent Pennsylvania Parole Board's September 12, 2023 order is AFFIRMED.

_____

ELLEN CEISLER, Judge