IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Stevenson,                          :
                          Petitioner       :
                                           :
              v.                           :
                                           :
Pennsylvania Board of                      :
Probation and Parole,                      :    No. 275 C.D. 2015
                        Respondent         :    Submitted: August 28, 2015


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: December 23, 2015


        James Stevenson (Stevenson), an inmate at State Correctional Institution – Benner, petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) February 11, 2015 order recalculating his maximum sentence release date.  Stevenson's counsel, David Crowley, Esquire (Counsel), has filed an Application to Withdraw Appearance (Application) and supporting Brief for Applicant (Brief).  Upon review, we grant Counsel's Application and affirm the Board's order.

        When Stevenson was paroled from a 6½ to 13-year sentence on May 8, 2006, his maximum sentence release date was February 7, 2012.  Due to multiple parole violations, the Board declared Stevenson delinquent effective August 29, 2006.  On August 21, 2008, the Board recommitted Stevenson as a technical parole violator to serve 12 months backtime, and extended his maximum sentence release

date to December 11, 2013. Stevenson did not appeal from those Board actions. He was reparoled on May 27, 2010.

On August 19, 2013, the Board lodged a detainer against Stevenson due to his arrest by Philadelphia police on charges of driving under the influence (DUI), criminal mischief and accidents involving damage.[1] On August 20, 2013, Stevenson was granted Release on Recognizance (ROR) bail.[2] However, he was held on the Board's detainer until he was released on December 11, 2013, when his maximum sentence release date expired. On February 12, 2014, Stevenson was found guilty of DUI and accidents involving damage. On March 26, 2014, he was sentenced to 6 months probation on the DUI charge. Stevenson was returned to custody on May 21, 2014 under a Board detainer that provided: "ALTHOUGH OFFENDER'S ORIGINAL MAXIMUM SENTENCE WAS 12/11/2013, THE MAXIMUM SENTENCE IS BEING EXTENDED DUE TO A NEW CONVICTION. THE NEW MAXIMUM SENTENCE WILL BE COMPUTED UPON RECORDING OF THE BOARD'S FINAL ACTION." Certified Record (C.R.) at 48. On June 16, 2014, Stevenson waived his right to counsel and a parole revocation hearing. By July 18, 2014 decision, the Board recommitted Stevenson as a convicted parole violator to serve 6 months backtime for his DUI charge without credit for time spent at liberty on parole. *See* C.R. at 59. On August 29, 2014, following Stevenson's appeal from the accidents involving damage offense order, he was sentenced to 6 months probation on that charge. By December 1, 2014 decision, the Board recalculated Stevenson's maximum sentence release date to December 4, 2017.

---

[1] "If a parolee is arrested while on . . . parole, the Board may place a detainer against him which will prevent the parolee from making bail, pending the disposition of the new charges or other action of the court." 37 Pa. Code § 65.5(2).

[2] ROR bail is "[r]elease conditioned only upon the defendant's written agreement to appear when required and to comply with the conditions of the bail bond in [Pennsylvania Rule of Criminal Procedure] Rule 526(A)." Pa. R. Crim. P. 524(C)(1).

2

On December 31, 2014, Stevenson appealed pro se from the Board's recalculation, stating in pertinent part: "I believe the [B]oard is in error in [its] calculation of all my time since my [o]riginal conviction and sentence." C.R. at 103. He specifically stated:

> I spent 11 [y]ears 1 [m]onth 7 [d]ays incarcerated from September 9, 1997[] until December 11, 2013. That's all the time that would have been credited towards my sentence.
>
> Relief Sought
>
> I would like the [B]oard to clarify for me what time was not credited towards my sentence and what was credited.

C.R. at 104. By February 11, 2015 decision, the Board affirmed Stevenson's maximum sentence release date. Stevenson appealed to this Court.[3]

Before reviewing whether the Board erred in recalculating Stevenson's maximum sentence release date, this Court must consider Counsel's Application. When an attorney wants to withdraw representation, the attorney must review the case zealously, and:

> submit a **'no-merit' letter** to the trial court, **<u>or brief</u>**[4] on appeal to this Court, detailing the nature and extent of

---

[3] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[4] A significant portion of Counsel's Brief is dedicated to his explanation of why a brief was necessary in this case. Initially, "to protect an indigent criminal defendant's right to effective assistance of counsel under the Sixth Amendment of the United States Constitution and to ensure that the attorney seeking to withdraw is not forced to argue against his client," counsel were required to file a petition and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) "present[ing] the reviewing court with information that will aid it in determining whether the defendant's appeal is frivolous." *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009) (*en banc*). In the *Anders* brief, counsel were to "set[] forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof." *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007).

> counsel's **diligent review** of the case, **listing the issues** which the petitioner wants to have reviewed, explaining why and how those **issues lack merit**, and requesting **permission to withdraw**.

*Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) (emphasis added).

Here, Counsel's Application states: "[Counsel] has notified [Stevenson] of [his] request to withdraw, furnished [Stevenson] with a copy of the [b]rief in support of [the Application], and advised [Stevenson] of his right to retain new counsel or raise any points that might deem worthy of consideration as required . . . ." App. to Withdraw ¶ 4. Counsel's Brief is entitled "Brief for Applicant," and specifies therein that it is his "Brief in Support of Application to Withdraw Appearance." In the Brief's conclusion, Counsel again provides: "A copy of this Brief has been served upon [Stevenson] with instructions that any additional reasons in support of his Petition [for Review] be submitted to the Commonwealth Court of Pennsylvania." Brief at 26.

---

> In *Commonwealth v. Turner, . . .* 544 A.2d 927 ([Pa.] 1988), the Pennsylvania Supreme Court adopted a less stringent standard for the withdrawal of appointed counsel from cases in which the right to counsel does not derive from the United States Constitution, such as collateral appeals. The Court held that, rather than an *Anders* brief, counsel may instead provide a 'no-merit' letter which details 'the nature and extent of [the attorney's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless,' at which point the court must conduct its own review of whether the claim is meritless.

*Hughes*, 977 A.2d at 24-25 (quoting *Turner*, 544 A.2d at 928). The *Hughes* Court recognized that, "[i]n recent years, this Court has shown little concern for whether it receives an *Anders* brief or a no-merit letter in a parole revocation matter. This Court has recently drawn little distinction between whether the case must be 'frivolous' or 'meritless' before counsel may withdraw." *Hughes*, 977 A.2d at 25 (citation omitted). In maximum sentence release date cases, "[w]here an *Anders* brief is filed when a no-merit letter would suffice, the *Anders* brief must at least contain the same information that is required to be included in a no-merit letter." *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40, 42-43 (Pa. Cmwlth. 2010).

4

We take notice that the Certifications of Service filed with the Application and the Brief reflect that while Counsel served them upon the Court by PACFiling[5] and first-class mail on June 26, 2015, Stevenson was served only by PACFiling. On June 29, 2015, this Court ordered that the Application shall be considered with the merits of Stevenson's appeal, and stated that Stevenson could obtain new counsel. Counsel was directed therein to serve the June 29, 2015 order upon Stevenson within 14 days. On June 30, 2015, Counsel filed an Affidavit of Service wherein he swore that he served the Court's June 29, 2015 order upon Stevenson by first-class mail on June 30, 2015. However, the Affidavit's Certification of Service reflected that it was served upon the Court by PACFiling and first-class mail, but served upon Stevenson only by PACFiling.

Because this Court had no record of Stevenson designating any party to accept PACFiled documents on his behalf, the Court's Prothonotary's Office contacted Counsel in order to clarify whether Stevenson was properly served. In response, Counsel informed the Prothonotary's Office that reference in the Certifications of Service to service upon Stevenson by PACFiling were in error, and he filed Amended Certifications of Service reflecting that he indeed served the Application and the Brief on Stevenson by first-class mail on June 26, 2015.[6]

In regard to the substance of Counsel's Brief, despite that Stevenson's sole issue was whether the Board properly extended Stevenson's maximum sentence release date to December 4, 2017, Counsel also referenced "Other issues apparent in the record" (Brief at 21-22), and "Other Issues Raised by [] Stevenson" (Brief at 22-

---

[5] "PACFile is a service that provides attorneys and pro se litigants the option to file documents electronically on new and existing Commonwealth Court cases. . . . Registering for a secure user account is necessary in order to use this service." http://www.pacourts.us/courts/commonwealth-court.

[6] Stevenson has not responded to the Application, nor has substitute counsel entered an appearance on Stevenson's behalf.

25), examined those potential issues and declared that they had been waived. Counsel concluded that he "is unable to raise or argue any available issue which would entitle [Stevenson] to relief." Brief at 26. Accordingly, we hold that Counsel's Brief "set[] forth issues that might arguably support the appeal along with any other issues necessary for the effective appellate presentation thereof." *Commonwealth v. Wrecks*, 931 A.2d 717, 720 (Pa. Super. 2007). Finding that Counsel's Brief satisfied the *Anders/Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988) requirements, we grant the Application and undertake our own review of the merits of Stevenson's appeal.

Section 6138 of the Prisons and Parole Code (Parole Code) governs the Board's maximum sentence release date calculations. Section 6138 of the Parole Code provides, in pertinent part:

> **(a) Convicted violators.**--
>
> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole . . . , commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> (2) If the parolee's recommitment is so ordered, **the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole.**
>
> (2.1) The [B]oard may, in its discretion, award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole . . . .
>
> . . . .

6

(4) The period of time for which the parole violator is required to serve shall be computed from and begin on the date that the parole violator is taken into custody to be returned to the institution as a parole violator.

. . . .

**(c) Technical violators.**--

(1) A parolee under the jurisdiction of the [B]oard who violates the terms and conditions of his parole, . . . may be detained pending a hearing before the [B]oard or waiver of the hearing or recommitted after a hearing before the [B]oard or a waiver of the hearing. . . .

. . . .

(2) If the parolee is recommitted under this subsection, the parolee **shall be given credit for the time served on parole in good standing** but with no credit for delinquent time **and may be reentered to serve the remainder of the original sentence or sentences**.

(3) The remainder shall be computed by the [B]oard from the time the parolee's delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole. The parolee shall serve the remainder so computed from the date the parolee is taken into custody on the warrant of the [B]oard.

61 Pa.C.S. § 6138 (text emphasis added).

Stevenson argues that the Board's calculation errors began with his original sentence. Because Stevenson did not appeal his original sentence, or his August 21, 2008 recommitment and maximum sentence release date extension to December 11, 2013, we will not review those calculations. "[T]he fact that [an i]nmate proceeded without counsel before the Board does not excuse him from raising and preserving issues. Failure to raise an issue before the Board results in a waiver and precludes this Court's review." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33-34 (Pa. Cmwlth. 2006) (citation omitted).

7

Beginning with Stevenson's May 27, 2010 re-parole, we calculate that he had 1,294 days left to serve on his sentence. Because he had been on parole in good standing for 113 days before the Board detained him for technical parole violations on August 29, 2006, he was entitled to credit for that time. Stevenson was also entitled to credit for the 1,180 days he remained on parole in good standing from May 27, 2010 until he was detained on August 19, 2013 due to his new criminal charges. Further,

> [t]he general rule governing the allocation of credit for time served awaiting disposition of a new criminal charge was established by our Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole,* . . . 412 A.2d 568 ([Pa]. 1980). In *Gaito,* the Supreme Court held that 'time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term . . . when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against him.' *Gaito,* . . . 412 A.2d at 571. . . .

*Bowman v. Pa. Bd. of Prob. & Parole*, 930 A.2d 599, 601 (Pa. Cmwlth. 2007). Thus, since Stevenson received ROR bail, he was entitled to credit for the 114 days he was under the Board's detainer due to his new criminal charges from August 19, 2013 to when he was released on December 11, 2013.[7] Had the Board not denied Stevenson credit for his street time, he would have been entitled to a 1,407-day (1,180 + 113 + 114 = 1,407) sentence credit. However, since he was denied credit for all of his street time, he was returned to custody on May 21, 2014 to serve the 1,294 unserved days remaining on his original sentence. The 1,294[th] day after May 21, 2014 is December

---

[7] "It is well-settled law that the Board retains jurisdiction to recommit an individual as a parole violator after the expiration of the maximum term, so long as the crimes that lead to the conviction occurred while the individual is on parole." *Miskovitch v. Pa. Bd. of Prob. & Parole*, 77 A.3d 66, 73 (Pa. Cmwlth. 2013).

4, 2017. Because the Board properly calculated Stevenson's maximum sentence release date, we affirm the Board's order.

Based upon the foregoing, Counsel's Application is granted and the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Stevenson,                              :
                    Petitioner               :
                                             :
            v.                               :
                                             :
Pennsylvania Board of                        :
Probation and Parole,                        :     No. 275 C.D. 2015
                    Respondent               :

## O R D E R

AND NOW, this 23rd day of December, 2015, David Crowley, Esquire's Application to Withdraw Appearance is granted, and the Pennsylvania Board of Probation and Parole's February 11, 2015 order is affirmed.


_____
ANNE E. COVEY, Judge