# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Pizarro,                               :
                   Petitioner    :
                                         :
                   v.             :   No. 649 C.D. 2015
                                         :   Submitted: October 2, 2015
Pennsylvania Board of Probation              :
and Parole,                                  :
                   Respondent    :


BEFORE:   HONORABLE DAN PELLEGRINI, President Judge[1]
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge


OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE COLINS**               **FILED:  January 13, 2016**

        Before this Court are the petition of Ramon Pizarro for review of the March 16, 2015 determination of the Pennsylvania Board of Probation and Parole (Board), which affirmed its recommitment of Pizarro as a convicted parole violator and recalculation of his parole violation maximum date, and the petition of Matthew L. Clemente, Esq., Assistant Public Defender of Luzerne County (Counsel), for leave to withdraw as counsel for Pizarro on the grounds that the petition for review is frivolous. After review, we grant Counsel's petition for leave to withdraw and affirm the order of the Board.

---

[1] This matter was assigned to this panel before January 1, 2016, when President Judge Pellegrini assumed the status of senior judge.

On April 9, 2001, Pizarro was released on parole from the State Correctional Institution at Dallas (SCI Dallas); at the time of his release, Pizarro had a parole violation maximum date of April 8, 2008 based on a 3 to 10 year sentence issued by the Court of Common Pleas of Lehigh County in 1996. (Order to Release, Certified Record (C.R.) at 18.) On April 10, 2003, the Board recommitted Pizarro as a technical parole violator; following the service of backtime, the Board paroled Pizarro on October 17, 2004. (May 22, 2003 Board Decision, C.R. at 20; Sept. 16, 2004 Board Decision, C.R. at 23; Order to Release, C.R. at 28.)

On March 8, 2005, Pizarro was indicted on criminal charges in the United States District Court in the Middle District of Pennsylvania. (Federal Docket, C.R. at 64-65.) Pizarro was arrested by the Allentown Police Department on March 16, 2005 on new criminal charges. (Criminal Arrest and Disposition Report, C.R. at 30.) The Board lodged a detainer against Pizarro the following day, and on March 22, 2005, the U.S. District Court ordered that Pizarro be detained pending trial. (Commonwealth Warrant to Commit and Detain, C.R. at 48; Federal Order of Detention Pending Trial, C.R. at 63.)

Pizarro pleaded guilty to his new Commonwealth charges in the Court of Common Pleas of Lehigh County on June 30, 2005. (Commonwealth Docket, C.R. at 35, 37.) He was sentenced on that date to a period of incarceration of 4 to 24 months. (*Id.*, C.R. at 38-39; Sentence Sheet, C.R. at 42-45.) On August 26, 2005, Pizarro was moved to a federal correctional facility and on May 10, 2006, Pizarro pleaded guilty on the new federal charges. (Moves Report, C.R. at 96; Federal Docket, C.R. at 66.) The U.S. District Court sentenced Pizarro to a term of 132 months on December 1, 2006 and Pizarro was returned to SCI Dallas on

December 21, 2006. (Federal Judgment, C.R. at 69-70; Moves Report, C.R. at 96.) Pizarro was recommitted as a convicted parole violator on May 7, 2007 to serve 18 months when available as a result of his new federal and Commonwealth convictions. (C.R. at 93.) On April 7, 2008, Pizarro was transported to a federal correctional facility. (Moves Report, C.R. at 96.) On October 23, 2014, after serving his sentence on the new federal charges, Pizarro was released from federal custody and returned to SCI Dallas. (*Id.*)

On October 27, 2014, the Board issued a decision referencing the Board's earlier determination to recommit Pizarro as a convicted parole violator to serve 18 months backtime, recalculating Pizarro's parole violation maximum date as April 6, 2020 and setting a parole eligibility date of April 15, 2016. (C.R. at 99-100.) In making this recalculation of the maximum date, the Board determined that Pizarro owed 2,000 days based on the 1,269 days remaining on his sentence as of Pizarro's parole on October 17, 2004 and an additional 731 days for the period he spent at liberty between April 9, 2001 and April 10, 2003, which was forfeited based upon Pizarro's recommitment as a convicted parole violator. (Order to Recommit, C.R. at 97.) The Board determined that Pizarro was available to serve his original sentence on October 15, 2014 and added the 2,000 days of backtime to arrive at the new maximum date of April 6, 2020. (*Id.*)

Pizarro filed a timely petition for administrative review, and the Board affirmed its earlier decision on March 16, 2015. (Administrative Remedies Form, C.R. at 101-102; Board Denial of Administrative Appeal, C.R. at 104-105.) Pizarro, acting *pro se*, filed a petition for review of the Board's denial of Pizarro's petition for administrative review with this Court. Pizarro also filed an application to proceed *in forma pauperis* and an application for the appointment of counsel.

3

By a May 18, 2015 *per curiam* order, this Court granted Pizarro permission to proceed *in forma pauperis* and appointed the Public Defender of Luzerne County to represent Pizarro in this matter. On July 28, 2015, Counsel filed his petition for leave to withdraw and an *Anders* brief[2] in support of the petition.

When evaluating a petition for leave to withdraw as appointed counsel for a parolee challenging a revocation decision, our first task is to determine whether counsel has satisfied the procedural requirements of: (i) notifying the inmate of his request to withdraw; (ii) furnishing the inmate with a copy of a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), or a no-merit letter; and (iii) advising the inmate of his right to retain new counsel or raise any new points he might deem worthy of consideration by submitting a brief on his own behalf. *Hughes v. Pennsylvania Board of Probation and Parole*, 977 A.2d 19, 22 (Pa. Cmwlth. 2009) (*en banc*); *Wesley v. Pennsylvania Board of Probation and Parole*, 614 A.2d 355, 356 (Pa. Cmwlth. 1992).

Though Counsel submitted an *Anders* brief in support of his petition to withdraw, Pizarro has only a statutory, rather than a constitutional, right to counsel, and thus only a no-merit letter was required.[3] *Hughes*, 977 A.2d at 24-25.

---

[2] *See Anders v. California*, 386 U.S. 738 (1967).

[3] A constitutional right to counsel exists in a parole revocation matter when the parolee's case contains:

> [a] colorable claim (i) that he has not committed the alleged violation of the conditions upon which he is at liberty; or (ii) that, even if the violation is a matter of public record or is uncontested, there are substantial reasons which justified or mitigated the violation and make revocation inappropriate, and that the reasons are complex or otherwise difficult to develop or present.

*Hughes*, 977 A.2d at 26 (quoting *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973)). The issue on appeal does not invoke either of the elements that trigger a constitutional right to counsel.

A no-merit letter must set forth: (i) the nature and extent of counsel's review of the case; (ii) each issue that the inmate wishes to raise on appeal; and (iii) counsel's explanation of why each of those issues is meritless. *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988); *Hughes*, 977 A.2d at 26. The principal distinction between a no-merit letter and an *Anders* brief is the standard of review applied to the issues on appeal: the lack of merit standard for a no-merit letter and the frivolousness standard for an *Anders* brief. *Smith v. Pennsylvania Board of Probation and Parole*, 574 A.2d 558, 562 (Pa. 1990). We will not deny a petition to withdraw in cases because counsel has chosen to submit an *Anders* brief where a no-merit letter is sufficient, but we will instead simply apply the lack of merit standard. *Hughes*, 977 A.2d at 26 n.4.

Counsel has satisfied the procedural requirements for withdrawal. Counsel sent Pizarro a letter, delivered on July 28, 2015 and attached as an exhibit to the petition for leave to withdraw, which informs Pizarro of his determination that there were no non-frivolous issues in the appeal and that Pizarro could retain an attorney or submit his own brief.[4] Counsel's *Anders* brief adequately summarizes the procedural history and relevant facts, discusses the issues raised by Pizarro in his petition for review and administrative appeal, and explains his determination that any appeal of the Board's decision is frivolous and without merit, with citations to the relevant case law.

Because Counsel has satisfied the procedural requirements for withdrawal, we next independently evaluate the proceedings before the Board to

---

[4] Pizarro did not file his own brief in this appeal and no other attorney entered an appearance on Pizarro's behalf.

5

determine whether the appeal is meritless.[5] *Dear v. Pennsylvania Board of Probation and Parole*, 686 A.2d 423, 426 (Pa. Cmwlth. 1996); *Frankhouser v. Pennsylvania Board of Probation and Parole*, 598 A.2d 607, 608-09 (Pa. Cmwlth. 1991). In his petition for review, Pizarro argues that the period from December 21, 2006, when he was transferred from a federal facility to SCI Dallas after the sentencing in his federal case, and April 8, 2008, the expiration of his original parole violation maximum date, should be credited against his original sentence. Pizarro contends that he was entitled to credit for this period because he was being detained in a state facility solely pursuant to a Board detainer.

As Counsel explains in his *Anders* brief, this argument is without merit. Pizarro bases his argument on the fact that he was moved from SCI Dallas to a federal facility on April 7, 2008, the day before the expiration of his parole violation maximum date; however, there is no indication in the record that the date of the transfer was anything other than a coincidence as Pizarro had already been convicted of the new Commonwealth and federal charges and had already been recommitted as a convicted parole violator to serve 18 months backtime. The Parole Act in effect at the time of Pizarro's recommitment required that a parolee who is paroled from a state sentence and then convicted of an offense in a different jurisdiction must serve the sentences consecutively, with the new sentence being served first before the balance of the original sentence. Section 21.1(a) of the Act of Aug. 6, 1941, P.L. 861, added by the Act of August 24, 1951, P.L. 1401, *as*

---

[5] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa. C.S. § 704; *Smith v. Pennsylvania Board of Probation and Parole*, 81 A.3d 1091, 1093 n.1 (Pa. Cmwlth. 2013).

*amended, formerly* 61 P.S. § 331.21a(a).[6]  Thus, Pizarro was required to serve his new federal sentence prior to serving the balance of his original sentence. Furthermore, the federal Bureau of Prisons was authorized to designate a non-federal facility as an official detention facility where a defendant will serve a federal sentence and to grant credit for time served in the non-federal facility. *Burno v. Pennsylvania Board of Probation and Parole*, 67 A.3d 1280, 1285 (Pa. Cmwlth. 2013) (citing 18 U.S.C. § 3585(a)).  Regardless of whether the Bureau of Prisons actually gave Pizarro credit for this period in his federal sentence, the correct computation of a sentence imposed by a separate sovereign is not within the purview of this Court, and there is no remedy that we can grant based on an error made by the Bureau of Prisons.  *Burno*, 67 A.3d at 1285; *Bowman v. Pennsylvania Board of Probation and Parole*, 930 A.2d 599, 605-06 (Pa. Cmwlth. 2007).

Counsel also addresses the argument not raised in Pizarro's petition for review, but rather in his request for administrative relief, that he was entitled to credit for the period from March 17, 2005, when the Board lodged its detainer against him, to December 1, 2006, when he was sentenced on the new federal charges.  We agree with Counsel that this argument is also without merit.

When a parole violator is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence.  *Martin v. Pennsylvania Board of Probation and Parole,* 840 A.2d 299, 309 (Pa. 2003).  If the parolee does not post bail on the

---

[6] The Parole Act was superseded in 2009 by the Prisons and Parole Code.  61 Pa. C.S. §§ 101–6309.  The Prisons and Parole Code was amended in 2010 to provide that in situations in which a parolee is sentenced to a new term of confinement by a federal court, the parolee shall serve the balance of his original state term prior to serving the new federal sentence.  61 Pa. C.S. § 6138(a)(5.1), *added by* Act of Oct 27, 2010, P.L. 931.

new charges, the time spent in confinement prior to the sentence must be credited to the new sentence, except in cases where the period of pre-sentence incarceration exceeds the maximum term of the new sentence. *Gaito v. Pennsylvania Board of Probation and Parole,* 412 A.2d 568, 571 (Pa. 1980); *Armbruster v. Pennsylvania Board of Probation and Parole,* 919 A.2d 348, 355 (Pa. Cmwlth. 2007).

Here, Pizarro was arrested and held on new charges in the Commonwealth case from March 16, 2005 until his guilty plea and sentencing in that case on June 30, 2005.[7] The Board lodged its detainer on March 17, 2005, and Pizarro was held on the federal charges from March 22, 2005, when the U.S. District Court ordered Pizarro detained, until December 1, 2006, when Pizarro was sentenced on the federal charges. Thus, for the period from March 17, 2005 through December 1, 2006, Pizarro was being detained pursuant to a Board detainer and on new charges. There is no indication in the record that Pizarro posted bail on either the new Commonwealth charges or the new federal charges, and Pizarro has not argued that he posted bail at any stage of these proceedings. Furthermore, the exception to the general rule that the period of incarceration prior to sentencing must be applied to the new sentence does not apply because Pizarro's new federal sentence exceeded the time spent in custody. Therefore, the Board did not err in failing to grant Pizarro credit for the period from March 17, 2005 through December 1, 2006. To the extent Pizarro would argue that he did not receive credit for this period on his federal sentence, the Board is not the appropriate forum to correct a sentencing error and his remedy would instead be with the sentencing

---

[7] Pursuant to the Parole Act in effect at the time of his recommitment, Pizarro was required to serve the balance of the term originally imposed prior to the commencement of the sentence for his new Commonwealth offense. 61 P.S. § 331.21a(a)(1).

8

court or through the direct appeal process. *McCray v. Pennsylvania Department of Corrections,* 872 A.2d 1127, 1132–33 (Pa. 2005); *Armbruster,* 919 A.2d at 356.

Accordingly, we agree with Counsel's determination that Pizarro's arguments that the Board incorrectly recalculated his parole violation maximum date are without merit, and we grant Counsel's petition for leave to withdraw and affirm the order of the Board.

_____

JAMES GARDNER COLINS, Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ramon Pizarro,  
          Petitioner

          v.

Pennsylvania Board of Probation  
and Parole,  
          Respondent

:
:
:
:
:
:
:
:
:

No. 649 C.D. 2015

## ORDER

AND NOW, this 13th day of January, 2016, the Petition for Leave of Court to Withdraw as Counsel filed by Matthew L. Clemente, Esquire, Assistant Public Defender of Luzerne County, in the above-captioned matter is hereby GRANTED and the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

 

_____  
JAMES GARDNER COLINS, Senior Judge