IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Allen Buczynski, II,                     :
               Petitioner                     :
                                             :
              v.                                   :   No. 621 C.D. 2017
                                           :   Submitted: October 13, 2017
Pennsylvania Board of                         :
Probation and Parole,                         :
               Respondent                     :

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE MICHAEL H. WOJCIK, Judge
                 HONORABLE J. WESLEY OLER, JR., Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT                 FILED: December 4, 2017

       Mark Buczynski petitions for review of an adjudication of the Pennsylvania Board of Probation and Parole (Parole Board) denying his request for administrative relief and recommitting him as a convicted parole violator. Buczynski argues that the Parole Board erred in calculating his maximum sentence date because it did not credit the time he spent incarcerated on the Board's detainer. Discerning no merit to this argument, we affirm the Parole Board's order.

       In December 2007, Buczynski was convicted of a weapons charge in Chautauqua County, New York and sentenced to five years' probation. His maximum sentence date was December 17, 2012. He began the sentence of probation, and in January 2008, his supervision was transferred to Pennsylvania. On September 16, 2008, Buczynski was arrested for retail theft, to which he pled guilty. On March 11, 2009, he was sentenced to three to 12 months of incarceration, to be followed by 36 months of county probation (Docket No. 2729-2008). Certified Record (C.R.) 35. Buczynski was transported to the State Correctional Institution at

Albion (SCI-Albion), where he was detained pending a response from New York regarding detention and revocation on his probation. On August 4, 2009, Buczynski was released from SCI-Albion.

On April 15, 2010, while on probation, Buczynski was charged with burglary and robbery. On April 29, 2010, the Parole Board issued a detainer. On October 13, 2010, Buczynski pled guilty to burglary, and he was sentenced to 30 to 60 months of incarceration (Docket No. 1297-2010). C.R. 1. On this same day, his probation on the 2008 retail theft conviction (Docket No. 2729-2008) was revoked; he was sentenced to a term of three months to one year.[1] *Id.* Buczynski's total sentence was three years to six years and six months, with a maximum sentence date of October 29, 2016.

On March 19, 2014, Buczynski was paroled. On May 29, 2015, Buczynski was arrested on new criminal charges in Erie County for retail theft. He did not post bail on the new charges. On July 14, 2015, the Parole Board lodged its detainer. C.R. 104. On March 7, 2016, he was convicted and ordered to serve a sentence of six to 23 months and 15 days. On May 5, 2016, the Parole Board recommitted Buczynski to serve six months backtime, when available, pending parole from (or completion of) his Erie County sentence for retail theft.

On February 21, 2017, Buczynski was returned to state custody. On March 17, 2017, the Parole Board recommitted Buczynski to serve six months backtime as a convicted parole violator. The Parole Board awarded him credit for time spent at liberty on parole and recalculated his maximum sentence date as May 17, 2018.

---

[1] In addition, Buczynski had another conviction for retail theft (Docket No. 1026-2006), where he had been sentenced to 36 months' probation. In 2010, his probation was also revoked on this sentence, and he was sentenced to three to six months' incarceration.

On April 18, 2017, the Parole Board responded to Buczynski's administrative appeals, filed June 10, 2016, September 16, 2016, and April 13, 2017, challenging the calculation of his maximum sentence date. The Parole Board explained that, when it lodged its detainer on July 14, 2015, he had 473 days remaining on his sentence. He received 23 days credit on his original sentence for the time he was incarcerated solely on the Parole Board's detainer (from July 14, 2015, to August 6, 2015), leaving him with 450 days remaining on his sentence. Adding the 450 days to February 21, 2017, the date he was paroled from his county sentence, produced a maximum sentence date of May 17, 2018.

On appeal,[2] Buczynski argues that the Board erred. He contends that he is entitled to credit for time spent incarcerated on the Board's detainer because the sentencing court did not credit this time towards his new county sentence. The Board responds that it does not have any legal obligation to give Buczynski credit on his state sentence for time not credited to his county sentence; rather, his remedy lies with the sentencing court. Accordingly, its adjudication should be affirmed.

The general rule on credit for time served awaiting disposition of new criminal charges was established by the Pennsylvania Supreme Court in *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). In *Gaito*, the Supreme Court held that "time spent in custody pursuant to a detainer warrant shall be credited to a convicted parole violator's original term … only when the parolee was eligible for and had satisfied bail requirements for the new offense and thus remained incarcerated only by reason of the detainer warrant lodged against

---

[2]  This Court's review is limited to determining whether the Parole Board's adjudication is supported by substantial evidence, whether an error of law has been committed, or whether constitutional rights have been violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Moroz v. Pennsylvania Board of Probation and Parole,* 660 A.2d 131, 132 (Pa. Cmwlth. 1995).

him." *Id.* at 571 (quoting *Rodriques v. Pennsylvania Board of Probation and Parole*, 403 A.2d 184, 185-86 (Pa. Cmwlth 1979)). In the cases following *Gaito*, "this Court held that once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, *when bail is not posted*, must be applied toward the new sentence and not to the original sentence." *Bowman v. Pennsylvania Board of Probation and Parole*, 930 A.2d 599, 601 (Pa. Cmwlth. 2007) (emphasis added).

Here, although the Parole Board did file a detainer, Buczynski's detention as of August 15, 2015, was for the new criminal charges because he did not post bail. Subsequently, Buczynski was convicted and sentenced. Because the Parole Board's detainer was not the sole reason for the detention, the detention time must be credited to the new sentence. *See Gaito*, 412 A.2d at 571.

Buczynski notes that on August 1, 2017, the trial court gave him credit towards his county sentence for his post-arrest incarceration. This was a total of 214 days, from August 7, 2015, to March 7, 2016. However, the trial court did not give him credit for the period from March 7, 2016, when he was sentenced, to May 20, 2016, when he was transferred to the Erie County jail to serve his county sentence. Buczynski contends that these 74 days should be applied to his original sentence because the trial court did not apply this time to his county sentence.

In *McCray v. Pennsylvania Department of Corrections*, 872 A.2d 1127 (Pa. 2005), our Supreme Court stated that the allocation of credit on a new sentence must be addressed by the sentencing court. The Court explained that

> [t]he Department [of Corrections] is an executive branch agency that is charged with faithfully implementing sentences imposed by the courts. As part of the executive branch, the Department [of Corrections] lacks the power to adjudicate the legality of a sentence or to add or delete sentencing conditions.

4

*Id.* at 1133.  This Court has held, pursuant to *McCray*, that "where a sentencing court does not give an inmate full credit for time served, the inmate's remedy is in the trial court and through the direct appeal process, not through the [Parole] Board." *Koehler v. Pennsylvania Board of Probation and Parole*, 935 A.2d 44, 54 (Pa. Cmwlth. 2007) (quoting *Armbruster v. Pennsylvania Board of Probation and Parole*, 919 A.2d 348, 356 (Pa. Cmwlth. 2007)).  In short, Buczynski's remedy lies with the sentencing court,[3] not the Parole Board, to address the credit on his county sentence.

Moreover, Buczynski's reliance on *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), is misplaced.  In *Martin*, the parolee was arrested and charged with two counts of driving under the influence.  The Parole Board lodged a detainer on that same day.  The parolee was unable to post bail.  Thereafter, he was convicted of the charges and sentenced to 48-hours time served, with one-year probation, to be served consecutively to his original sentence.  The Parole Board recommitted the parolee, who challenged the Board's failure to give him credit on his original sentence for one year, one month, and 19 days of pre-trial confinement in excess of the sentence imposed.

In *Martin*, our Supreme Court held that, "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence."

---

[3] Section 9760(1) of the Sentencing Code governs the granting of credit for periods of incarceration following a trial court's imposition of a new sentence.  This provision provides:

> Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa. C.S. §9760(1).

*Id.* at 309. To that end, the Supreme Court held that the parolee was entitled to credit for the length of pre-trial confinement that exceeded the sentence imposed for the new crimes. Here, unlike *Martin*, Buczynski's sentence for the new criminal charges exceeded the length of his post-sentence incarceration.

> Recently, our Supreme Court reaffirmed that
>
> *Gaito* remains the general law in this Commonwealth respecting how credit should be allocated for a convicted parole violator who receives a new sentence of incarceration, and the exception to *Gaito*, set forth at footnote 6 and further developed in *Martin*, is limited to cases in which a convicted parole violator receives a term of incarceration for new charges that is shorter than his pre-sentence confinement, such that application of the general *Gaito* rule would result in excess incarceration.

*Smith v. Pennsylvania Board of Probation and Parole*, __ A.3d __ (Pa., No. 82 MAP 2016, filed October 18, 2017), slip op. at 17. Buczynski's post-sentence period of incarceration, from March 7, 2016, until May 20, 2016, or 74 days, was the result of the trial court's new sentence. Because the 74 days was less than the maximum term of Buczynksi's new sentence of 23 months and 15 days' imprisonment, this time must be credited toward his new sentence and not on his original sentence.

For these reasons, we affirm the Parole Board's adjudication.

_____
MARY HANNAH LEAVITT, President Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Mark Allen Buczynski, II,             :
                    Petitioner    :
                                  :
             v.                         :  No. 621 C.D. 2017
                                  :
Pennsylvania Board of                 :
Probation and Parole,                 :
                    Respondent   :

## **O R D E R**

AND NOW, this 4th day of December, 2017, the order of the Pennsylvania Board of Probation and Parole dated April 18, 2017, is hereby AFFIRMED.

_____
MARY HANNAH LEAVITT, President Judge