Lewis JONES, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted March 11, 2005.

Decided April 27, 2005.

Reargument Denied June 23, 2005.

Lewis Jones, petitioner, pro se.

Virginia Murtha–Cowley, Asst. Public Defender, Wilkes–Barre, for petitioner.

Arthur R. Thomas, Asst. Counsel, Harrisburg, for respondent.

BEFORE: FRIEDMAN, J., LEAVITT, J., and FLAHERTY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Lewis Jones (Jones) petitions for review of the July 16, 2004, order of the Pennsylvania Board of Probation and Parole (Board), which: (1) denied Jones' petition for administrative relief challenging the Board's refusal to give him credit for time spent in custody from June 12, 2003, to October 29, 2003; and (2) deferred a ruling, pending a hearing, on whether Jones is entitled to credit for time he spent in a community corrections center. Counsel for Jones has filed a petition for leave to withdraw as counsel. We reverse that portion of the Board's order refusing to give Jones credit for time spent in custody from June 12, 2003, to October 29, 2003, and deny the petition for leave to withdraw as counsel.

Jones was serving a sentence for third degree murder with a maximum sentence expiration date of August 26, 2004, when, on March 11, 2002, he was paroled to the ADAPPT Community Corrections Center (CCC). (C.R. at 1, 28, 29.) Jones was released from the ADAPPT CCC on October 21, 2002, but, on March 21, 2003, the Board declared Jones delinquent. (C.R. at 32, 35.) On June 6, 2003, the Board issued a detainer warrant and arrested Jones at his daughter's apartment for violating certain conditions of his parole. (C.R. at 32–35.) On August 8, 2003, the Board recommitted Jones as a technical parole violator to serve nine months backtime, when available. (C.R. at 38.) Jones' new maximum

sentence expiration date was November 11, 2004. (C.R. at 39.)

On June 10, 2003, Jones was arrested for driving under the influence of alcohol (DUI) in connection with a March 19, 2003, incident; he did not post bail. (C.R. at 40.) Jones was convicted and, on October 29, 2003, received a sentence of forty-eight hours to twelve months. *Id.* The court order released Jones on parole after forty-eight hours. (C.R. at 69.)

On May 27, 2004, the Board recommitted Jones as a convicted parole violator to serve an additional six months backtime, for a total of fifteen months, when available. (C.R. at 76.) The Board calculated Jones' new maximum sentence expiration date as April 10, 2006; however, in doing so, the Board did not give Jones credit on his original sentence for the time he spent in custody from June 12, 2003, to October 29, 2003. The Board's calculation sheet indicated that Jones had been paroled on October 29, 2003, not forty-eight hours after his arrest on June 10, 2003. (C.R. at 78.) On June 4, 2004, the Board issued an order setting April 10, 2006, as Jones' new maximum sentence expiration date. (C.R. at 79.)

Jones filed a petition for administrative relief with the Board, seeking credit towards his original sentence for the time he spent in custody from June 12, 2003, to October 29, 2003, and for the time he spent in the ADAPPT CCC. (C.R. at 80–81.) The Board scheduled a hearing on whether Jones was entitled to credit for the time he spent in the ADAPPT CCC. The Board denied Jones credit for the time he spent in custody from June 12, 2003, to October 29, 2003. (C.R. at 83.) Jones then filed a petition for review with this court.[1]

 Jones argues that he is entitled to credit towards his original sentence for the time he spent in custody from June 12, 2003, to October 29, 2003. We agree.

"[W]hen an offender is held on new criminal charges as well as a detainer lodged by the Board ... the offender is confined for both offenses." *Martin v. Pennsylvania Board of Probation and Parole*, 576 Pa. 588, 596, 840 A.2d 299, 303 (2003). With respect to the allocation of credit in that situation, our supreme court has stated:

> It is now the opinion of this Court that the Board should not have been divested of its ability to make a determination concerning credit for time served for pre-sentence detention in instances where confinement is a result of *both* the detainer for a parole violation *and* the failure to meet conditions of bail on the new offense. Significantly, the General Assembly has sought to foreclose the award of such a credit only as against time spent at liberty on parole, 61 P.S. § 331.21a, thus suggesting the availability of credit where it is sought for periods of incarceration. Moreover, as noted by Judge Smith–Ribner in her dissenting opinion in this case, and Judge Friedman in her dissenting opinion in Owens v. Pennsylvania Bd. of Probation and Parole, 753 A.2d 919 (Pa. Cmwlth.2000), *the considerations relevant to the award of credit are just and equitable in nature.* Unique combinations of circumstances will be presented in different cases that tip the balance for or against the particular allocation of credit. Decision making in this context is, thus, particularly suited to a discretionary framework with

---

1. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

guidelines to *ensure equitable treatment* .... Accordingly, we hold that, where an offender is incarcerated on both a Board detainer and new criminal charges, *all time spent in confinement must be credited to either the new sentence or the original sentence.*

*Id.* at 604–05, 840 A.2d at 308–09 (italics in original) (bolded italics added).

Here, from June 12, 2003, to October 29, 2003, a period of four months and seventeen days, Jones was held in custody on the Board's June 6, 2003, detainer and on the new DUI charge. Jones had been arrested on June 10, 2003, but Jones received a sentence of forty-eight hours to twelve months on the new DUI charge and was paroled after forty-eight hours to begin serving his fifteen months backtime. Under *Martin*, the question before us is how to equitably allocate credit for the four months and seventeen days that Jones already has served in confinement. Because Jones was paroled from his DUI sentence, the only sentence of confinement remaining for Jones to serve is his original sentence.[2] Consistent with *Martin*, the four months and seventeen days must be credited to that sentence.

▪ Accordingly, we reverse.[3] In addition, we deny the application for leave to withdraw as counsel because we disagree that Jones' petition for review has no merit.

### ORDER

AND NOW, this 27th day of April, 2005, the order of the Pennsylvania Board of Probation and Parole, dated June 4, 2004, is hereby reversed. In addition, the application for leave to withdraw as counsel is denied.

---

**2.** It would be improper to save the four months and seventeen days credit "in a penal checking account" in the event that Jones violates his parole before the expiration of his twelve-month maximum sentence. *See Martin* (stating that "penal checking accounts" are not permitted).

**3.** Jones also asks this court to review his request for credit for the time he spent in the ADAPPT CCC; however, because the Board scheduled a hearing on that issue, the matter is not properly before us.