# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey Heinrich,                        :
                    Petitioner      :
                         :
        v.                   :   No. 1643 C.D. 2015
                         :   Submitted: January 15, 2016
Pennsylvania Board of Probation   :
and Parole,                   :
                Respondent   :

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**          **FILED: March 2, 2016**

Corey Heinrich (Heinrich) petitions for review from an order of the Pennsylvania Board of Probation and Parole (Board) that denied his administrative appeal from a Board order that recalculated his maximum sentence date. He argues the Board erred in its recalculation of his maximum sentence date by denying him credit for the time he spent in custody on the Board's detainer. Upon review, we affirm.

## I. Background

In 2011, Heinrich was sentenced to a term of 1 year, 10 months and 15 days to 5 years for criminal conspiracy and retail theft. Certified Record (C.R.) at 1. His original maximum sentence date was November 5, 2016. <u>Id.</u>

In September 2013, after the expiration of his original minimum sentence date, the Board paroled Heinrich. C.R. at 10. At that time, he had 1140 days remaining on his original sentence. C.R. at 156, 175, 179, 199.

Shortly thereafter, on October 8, 2013, police arrested Heinrich on new criminal charges of retail theft, receipt of stolen property and criminal trespass, which were filed in the Court of Common Pleas of Somerset County (Somerset County Court). C.R. at 118, 128. Heinrich did not post bail on these charges. C.R. at 118, 128. The Board lodged its detainer against Heinrich on the same day as his arrest. C.R. at 11. Thereafter, the Board recommitted Heinrich as a technical parole violator, and it detained him pending disposition of the new criminal charges. C.R. at 28-29.

On February 24, 2014, Heinrich was detained in lieu of bail on additional criminal charges of retail theft, defiant trespass, disorderly conduct and theft by unlawful taking, stemming from an incident on October 3, 2013. These additional new charges were filed in the Court of Common Pleas of Cambria County (Cambria County Court). C.R. at 109. Heinrich pled no contest to theft by unlawful taking on June 3, 2014, and the Cambria County Court deferred sentencing. C.R. at 111. The Cambria County Court released Heinrich on bail on that date, C.R. at 109, but he remained confined on the Board's detainer and the new criminal charges in Somerset County. C.R. at 28, 121; Bd. Op., 8/19/15, at 1.

In July 2014, Heinrich pled guilty to two counts of defiant trespass in Somerset County. C.R. at 134. The Somerset County Court also deferred sentencing. C.R. at 134-35.

Shortly thereafter, the Cambria County Court sentenced Heinrich to a term of 6 months to 12 months in county prison. C.R. at 110, 112. The Board subsequently issued a decision that recommitted Heinrich as a convicted parole violator based on his conviction in the Cambria County Court. C.R. at 116-17. The Cambria County Court paroled Heinrich from this sentence on December 8, 2014. C.R. at 52.

On December 10, 2014, the Somerset County Court sentenced Heinrich to 3 months to 282 days in county prison. C.R. at 120-22. At that time, it granted Heinrich credit for time served from October 8, 2013 to July 16, 2014, a total of 282 days of credit on this new sentence, thus fulfilling that sentence. C.R. at 121.

Thereafter, the Board issued a decision in which it recommitted Heinrich as a convicted parole violator based on his two convictions in the Somerset County Court. C.R. at 154-55. The Board also recalculated Heinrich's maximum sentence date as January 23, 2018. Id. Heinrich filed a petition for administrative relief in which he objected to the recalculated maximum sentence date. C.R. at 162-63. The Board issued a decision in which it revised Heinrich's maximum sentence date from January 23, 2018 to January 20, 2018, based on a

3

calculation error.  C.R. at 160.  It then dismissed Heinrich's petition for administrative relief as moot.  C.R. at 182.

Heinrich's recalculated maximum sentence date of January 20, 2018, reflected a total of 1140 days remaining on his sentence at the time the Board granted him parole, less three days in which he did not receive credit on his new county sentences for a total of 1137 days.  C.R. at 158.  The Board voted not to grant Heinrich credit for time at liberty on parole.  C.R. at 60.

Heinrich filed a second petition for administrative relief in which he objected to the January 20, 2018 maximum sentence date, asserting the Board did not properly afford him credit for the period from July 18, 2014 to December 6, 2014.  C.R. at 184-85.  The Board denied his petition for administrative relief, explaining it properly recalculated his maximum sentence date.  C.R. at 203-04. Heinrich now petitions for review to this Court.

## II. Discussion

In his brief filed through appointed counsel,[1] Heinrich vaguely asserts that the Board erred in failing to grant him credit toward his original sentence for certain periods in which he remained in custody on the Board's detainer, not just the periods he was in custody *solely* on the Board's detainer.  Thus, he contends,

---

[1] Our review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with law, and whether necessary findings were supported by substantial evidence. 2 Pa. C.S. §704; Adams v. Pa. Bd. of Prob. & Parole, 885 A.2d 1121 (Pa. Cmwlth. 2005).

4

this Court should reverse the Board's decision and remand for a recalculation of his maximum sentence date and reparole eligibility date.

The Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a convicted parole violator. 61 Pa. C.S. §6138(a)(1). If a parolee is recommitted as a convicted parole violator, he must serve the remainder of the term, which he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board chooses to award credit. 61 Pa. C.S. §§6138(a)(2), (2.1).

In addition, where a parolee is paroled from a state correctional institution and a new county sentence is imposed on him, the parolee must serve the new county sentence before serving the balance of his original state sentence. 61 Pa. C.S. §6138(a)(5)(iii); Presley v. Pa. Bd. of Prob. & Parole, 748 A.2d 791 (Pa. Cmwlth. 2000). "The Board is not permitted to credit a parolee with backtime while the parolee is serving time for a criminal conviction that occurred while on parole." Wise v. Pa. Bd. of Prob. & Parole (Pa. Cmwlth., No. 2090 C.D. 2011, filed May 3, 2012), slip op. at 4, 2012 WL 8700089 at *2 (unreported) (citing Walker v. Pa. Bd. of Prob. & Parole, 729 A.2d 634, 638 (Pa. Cmwlth. 1999)). Additionally, "once a parolee is sentenced on a new criminal offense, the period of time between arrest and sentencing, when bail is not satisfied, must be applied to the new sentence, and not to the original sentence." Armbruster v. Pa. Bd. of Prob. & Parole, 919 A.2d 348, 352 (Pa. Cmwlth. 2007) (citations omitted).

5

Further, "where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence." Martin v. Pa. Bd. of Prob. & Parole, 840 A.2d 299, 309 (Pa. 2003). Time incarcerated shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements on the new offense and, thus, remains incarcerated solely by reason of the Board's detainer. Gaito v. Pa. Bd. of Prob. & Parole, 412 A.2d 568 (Pa. 1980). When bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. Id. Only when it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence will credit be applied to the offender's original sentence. Melhorn v. Pa. Bd. of Prob. & Parole, 908 A.2d 266 (Pa. 2006); Armbruster.

Here, the Board paroled Heinrich in September 2013. C.R. at 10. At that time, he had 1140 days remaining on his original sentence. C.R. at 156, 175, 179, 199.

Shortly after his release on parole, on October 8, 2013, Heinrich was arrested on new criminal charges, which were filed in the Somerset County Court. C.R. at 118, 128. The Board lodged its detainer against Heinrich the same day. C.R. at 11. Heinrich did not post bail on these charges. C.R. at 118, 128. After his conviction on the new charges, the Somerset County Court sentenced Heinrich to 3 months to 282 days in county prison. C.R. at 120-21. Heinrich served 282

6

days on this sentence from October 8, 2013 to July 16, 2014, thus completing this sentence. Id.

In addition, on July 17, 2014, the Cambria County Court sentenced Heinrich to 6 to 12 months in county prison on his conviction for theft by unlawful taking, with credit for time served. C.R. at 51-52. It paroled Heinrich from this sentence on December 8, 2014. C.R. at 51-52.[2] The Board determined Heinrich became available to serve the remainder of his original state sentence on December 10, 2014.

With the exception of three days, July 16, 2014 to July 17, 2014 and December 8, 2014 to December 10, 2014, in which Heinrich did not receive credit on his new county sentences, the Board declined to grant Heinrich credit on his original state sentence. Subtracting these three days from the 1140 days Heinrich had remaining on his original sentence at the time of parole, left 1137 days to serve on his sentence. C.R. at 158. Adding these 1137 days to December 10, 2014, the date Heinrich became available to serve the balance of his original sentence, yields a new maximum sentence date of January 20, 2018. Id. Further, the Board voted not to grant Heinrich credit for any time spent at liberty on parole. C.R. at 60.[3] No

---

[2] On June 3, 2014 Heinrich pled no contest to the criminal charge in Cambria County, and the Cambria County Court released him on bail. Certified Record (C.R.) at 50. However, Heinrich remained confined on the Board detainer and the new criminal charges in Somerset County from June 3, 2014 until July 16, 2014. C.R. at 28, 121; Bd. Op., 8/19/15, at 1. Additionally, from February 24, 2014 through June 3, 2014, Heinrich was held on both the new charges in Somerset and Cambria Counties and the Board's detainer. C.R. at 49-51, 121.

[3] Heinrich does not challenge the Board's discretionary decision not to award him credit for the 16-day period he spent at liberty on parole.

error is apparent in the Board's recalculation of Heinrich's maximum sentence date. 61 Pa. C.S. §§6138(a)(2), (2.1); Gaito; Wise (citing Walker).

Nevertheless, without referencing any specific dates or time periods, Heinrich asserts he is entitled to credit on his original state sentence based on our Supreme Court's decision in Martin and this Court's decision in Jones v. Pennsylvania Board of Probation & Parole, 872 A.2d 1283 (Pa. Cmwlth. 2005). We rejected a similar argument in Banks v. Pennsylvania Board of Probation & Parole, 928 A.2d 384, 387-88 (Pa. Cmwlth. 2007), stating:

> These cases collectively hold that where an offender is incarcerated on both a Board detainer and new criminal charges, all time spent in confinement must be credited to either the new sentence or the original sentence. … Martin and Jones, however, are inapplicable here.
>
> In Martin, a parolee was arrested on new criminal charges and served approximately 13 months in pre-sentence confinement on the charges. Ultimately however, the parolee only received a 48–hour sentence on the new charges. Because the period served in pre-sentence confinement exceeded the sentence received on the new charges, our Supreme Court required the Board to credit the parolee's original sentence for the period served in pre-sentence confinement.
>
> Unlike Martin, [the parolee's] sentence on the new charges here exceeds the period served in pre-sentence confinement, and [the parolee] received credit for his confinement on the new charges. … Thus, Martin is factually distinguishable.
>
> In Jones, a delinquent parolee was arrested on a Board warrant. While held on the warrant, he was also arrested for a DUI offense which occurred several months earlier. He did not post bail on the new DUI charge. The parolee remained in custody for a period of 4 months and 17 days before sentencing. The parolee was sentenced to 48 hours to 12 months on the new

DUI charge, and was ultimately paroled on the new sentence after 48 hours. Applying an 'equitable treatment' standard derived from Martin, this Court required the Board to account for the full time spent in pre-trial confinement. Jones, 872 A.2d at 1285.

The Jones decision has been limited by other cases. … [I]n [Armbruster], this Court declined to apply Jones unless a parolee's new sentence was less than the time spent in custody awaiting trial.

More importantly from a legal perspective, the Martin and Jones decisions have been limited by the Supreme Court's recent holding in [Melhorn]. This Court interprets the holding as follows:

> [W]here a parole violator is confined on both the Board's warrant and the new criminal charges and it is not possible to award all of the credit on the new sentence because the period of pre-sentence incarceration *exceeds* the maximum term of the new sentence, the credit must be applied to the offender's original sentence.

Armbruster, 919 A.2d at 355 (emphasis in original).

Here, [the parolee] was held on both a Board detainer and new criminal charges. Ultimately, he was convicted on the new charges and received a new county sentence with a maximum term that exceeded his pre-trial confinement. He received credit for time served in county confinement on his new county sentence. [The parolee] was not denied due process because he did not receive duplicate credit on his original state sentence. …

Here, as in Banks, Heinrich was held on both a Board detainer and new criminal charges. Ultimately, he was convicted on the new criminal charges in both Somerset and Cambria Counties, and he received sentences with maximum terms that equaled or exceeded his pre-trial confinement. He received credit for time served in county confinement on his new county sentences. Like the parolee

in <u>Banks</u>, Heinrich was not entitled to duplicate credit on his original state sentence.

Finally, we reject Heinrich's reliance on <u>Baasit v. Pennsylvania Board of Probation and Parole</u>, 90 A.3d 74 (Pa. Cmwlth. 2014). <u>Baasit</u> concerned an inmate's entitlement to credit on his original state sentence for a period of pre-sentence confinement on a new federal sentence where the Board's detainer pre-dated the federal charges, the federal court ordered that the federal sentence be served consecutive to the inmate's original state sentence, and the federal court did not award pre-sentence credit toward the inmate's federal sentence.

In <u>Baasit</u>, we determined that, in denying the inmate credit for pre-sentence confinement on the federal charge, the Board overlooked a new statutory provision, Section 6138(a)(5.1) of the Parole Code, which states that if a parolee is sentenced to a new term of confinement by a federal court, the parolee shall serve the balance of his original state sentence *before* serving the new federal sentence. Also, because the Board lodged its detainer against the inmate before the federal charges were filed, the Board had primary jurisdiction over the inmate. <u>See</u> <u>Newsuan v. Pa. Dep't of Corr.</u>, 853 A.2d 409 (Pa. Cmwlth. 2004). Additionally, federal law barred the grant of credit toward the inmate's new federal sentence for any time credited toward his original state sentence; as such, there was no possibility the inmate could receive double credit for his pre-sentence confinement if the Board credited that time on the inmate's original state sentence. For these reasons, we remanded to the Board for "reconsideration of [the] [i]nmate's

10

entitlement to credit against his original state sentence for confinement before the new federal sentence was imposed." Baasit, 90 A.3d at 83.

Here, unlike in Baasit, Heinrich is not seeking credit for pre-sentence confinement on a new federal charge; therefore, Section 6138(a)(5.1) of the Parole Code is not applicable. Further, as explained above, Heinrich already received credit for the periods of pre-sentence confinement on his new county sentences, which, unlike in Baasit, he was required to serve *before* completing the remainder of his original state sentence. See 61 Pa. C.S. §6138(a)(5)(iii). As such, the rationale in Baasit does not apply here.

For all the foregoing reasons, we affirm the Board.


_____
ROBERT SIMPSON, Judge

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Corey Heinrich, : 
                Petitioner : 
                 : 
         v. :   No. 1643 C.D. 2015
                 : 
Pennsylvania Board of Probation : 
and Parole, : 
             Respondent : 

## **O R D E R**

**AND NOW**, this 2nd day of March, 2016, the order of the Pennsylvania Board of Probation and Parole is **AFFIRMED**.

_____
ROBERT SIMPSON, Judge