IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Cooper,                                          :
                                                         : No. 45 C.D. 2016
                              Petitioner                 : Submitted: June 3, 2016
                                                         :
                     v.                                  :
                                                         :
Pennsylvania Board of                                    :
Probation and Parole,                                    :
                                                         :
                              Respondent                 :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  September 9, 2016


        Charles Cooper (Cooper) petitions *pro se* for review of the October 26, 2015 order of the Pennsylvania Board of Probation and Parole (Board), denying his request for administrative relief from the August 10, 2015 decision revoking his parole and recalculating his maximum parole expiration date.[1] Cooper contends that the Board erred by not crediting time served on the Board's detainer to his original sentence.  We affirm.

        In November 2011, following a conviction for aggravated assault, Cooper was sentenced to a term of 1 year, 2 months to 4 years.  The original

_____

        [1] By order dated January 14, 2016, this Court appointed the Public Defender of Schuylkill County to represent Cooper.  Subsequently, however, on February 9, 2016, in accordance with Cooper's documented request, we granted appointed counsel's motion to withdraw his appearance.

minimum and maximum dates for this sentence were February 18, 2013 and August 18, 2015, respectively. The Board paroled Cooper from this sentence on February 18, 2013. Certified Record (C.R.) at 14, 21.

On May 3, 2013, Philadelphia Police arrested Cooper on new criminal charges. On May 4, 2013, Philadelphia County detained Cooper in lieu of monetary bail and the Board lodged a detainer on the same date. C.R. at 22.

On July 9, 2014, the Court of Common Pleas of Philadelphia County (trial court) found Cooper guilty of the new criminal charges. Cooper waived his right to a parole revocation hearing and admitted to being convicted of the criminal offenses in violation of his parole. C.R. at 62. By decision mailed January 23, 2015, the Board recommitted Cooper as a convicted parole violator (CPV), when available, for the new convictions. The Board's action did not provide Cooper with a recalculated maximum date. C.R. at 61-70.

On February 6, 2015, the trial court sentenced Cooper to serve 3 months to 23 months in the county prison with credit for time served on the new convictions, followed by 5 years of probation. C.R. at 49. The trial court granted him immediate parole from the new sentence, and Cooper was returned to a State Correctional Institution on February 18, 2015.

By decision mailed August 10, 2015, the Board recalculated Cooper's maximum date from August 18, 2015 to August 5, 2017. C.R. at 74. The Board determined that Cooper owed 911 days in backtime upon his release on parole from the original sentence. C.R. at 58, 72. The Board did not grant Cooper credit for time at liberty on parole, and it did not give him credit against his original sentence for the time he was incarcerated from the date of his arrest on May 3, 2013, to his sentencing on February 6, 2015. The Board found that Cooper became

2

available again to serve his original sentence on February 6, 2015, and added the 911 days he had remaining to this date to arrive at the new maximum parole date of August 5, 2017. C.R. at 72.

On August 31, 2015, Cooper filed a request for administrative relief objecting to the Board's calculation. On October 26, 2015, the Board mailed its final adjudication dismissing Cooper's appeal and affirming the August 10, 2015 action. Cooper then filed a petition seeking this Court's review.

On appeal,[2] Cooper asserts that his new sentence was 3 months incarceration, immediate county parole, followed by 23 months and 5 years' probation. Based on this characterization of the sentence, and relying on *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 309 (Pa. 2003), Cooper argues that the Board should have credited the time he was incarcerated on both the Board's detainer and the new criminal charges to his original sentence.

The Prisons and Parole Code (Parole Code) provides that any parolee who, during the period of parole, commits a crime punishable by imprisonment and is convicted or found guilty of that crime may be recommitted as a CPV. 61 Pa. C.S. §6138(a)(1). A parolee recommitted as a CPV must serve the remainder of the term that he would have been compelled to serve had parole not been granted, with no credit for the time at liberty on parole, unless the Board exercises its discretion to award credit. 61 Pa. C.S. §6138(a)(2), (2.1). If a new sentence is imposed, the parolee must serve the balance of the original sentence prior to commencement of the new sentence. 61 Pa. C.S. §6138(a)(5)(i).

---

[2] Our scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law was committed, or whether constitutional rights were violated. *McCloud v. Pennsylvania Board of Probation and Parole*, 834 A.2d 1210 (Pa. Cmwlth. 2003).

3

When a parole violator satisfies bail requirements prior to sentencing and is incarcerated solely by reason of the Board's detainer, the period of incarceration prior to sentencing is credited to a convicted parole violator's original sentence. *Gaito v. Pennsylvania Board of Probation and Parole*, 412 A.2d 568 (Pa. 1980). However, when bail is not posted, time incarcerated on both the new criminal charges and the Board's detainer must apply to the new sentence. *Id.*

Our Supreme Court recognized an exception to this rule in *Martin*. The parolee in *Martin* was incarcerated on both new criminal charges and the Board's detainer for 19 days. The parolee was sentenced on the new charges to a term of 2 days followed by a period of probation. In recalculating the maximum parole date on his original sentence, the Board did not award the parolee any credit for his pre-sentence confinement, because he was not confined solely on the Board's detainer. The parolee appealed, asserting that the excess 17 days of incarceration must be credited toward his original sentence.

Reasoning that pre-sentencing credit must be applied equitably, the court agreed. Accordingly, the court held that where an offender is incarcerated on both a Board detainer and new criminal charges, *all* time spent in confinement must be credited, either to the new sentence, or to the original sentence. *Martin*, 840 A.2d at 309. Put another way, when it is not possible to award all of the pre-sentencing credit to the new sentence because the period of pre-sentence incarceration exceeds the *maximum term of the new sentence*, credit must be applied to the parolee's original sentence. *Id*. *See also Jones v. Pennsylvania Board of Probation and Parole*, 872 A.2d 1283, 1285 (Pa. Cmwlth. 2005) (parolee's new sentence of 2 days was less than the pre-sentence custody time of 4 months, 17 days); *Hears v. Pennsylvania Board of Probation and Parole*, 851

4

A.2d 1003, 1007 (Pa. Cmwlth. 2004) (parolee's new sentence of 4 days was less than the pre-sentence custody time of 4 months, 20 days).

However, the rationale in *Martin* does not apply in this instance, and Cooper is not entitled to pre-sentence credit for the period from May 4, 2013, to February 6, 2015, against his original sentence, because the maximum term of the new criminal sentence *exceeded* his pre-sentence confinement.

The trial court sentenced Cooper to a term of 3 to 23 months, that is, a minimum of 3 months and a maximum of 23 months incarceration, followed by a maximum of 5 years' probation. C.R. at 49. The period of pre-sentence confinement from May 4, 2013, to February 6, 2015, 1 year, 9 months and 3 days, is less than the *maximum* sentence of 23 months. Cooper erroneously states that the trial court sentenced him to "3 months, immediate county parole, followed by 23 months and 5 years probation," (Cooper's brief at 11), but that is simply not the case.

Cooper had not completed the maximum term of the new sentence at the time the trial court granted him parole and, consequently, he was not entitled to any further credit on his original sentence. Thus, the Board did not err in recalculating Cooper's maximum parole date.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

5

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Charles Cooper,                          :
                                         : No. 45 C.D. 2016
                    Petitioner           :
                                         :
            v.                           :
                                         :
Pennsylvania Board of                    :
Probation and Parole,                    :
                                         :
                    Respondent           :


O R D E R


AND NOW, this 9th day of September, 2016, the order of the
Pennsylvania Board of Probation and Parole, dated October 26, 2015, is affirmed.


_____
MICHAEL H. WOJCIK, Judge