# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Kobesky, : 
             Petitioner : 
  : 
         v. :   No. 812 C.D. 2019
  :   SUBMITTED: December 13, 2019
Pennsylvania Board of Probation : 
and Parole, : 
            Respondent : 

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
             HONORABLE MICHAEL H. WOJCIK, Judge
             HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**               **FILED: April 13, 2020**

Scott Kobesky, Petitioner, petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his challenge to the parole violation maximum date established by the Board. At issue is whether the Board erred by not crediting Petitioner's original sentence with the time he spent incarcerated pursuant to both a Board detainer and new criminal charges. Discerning no error, we affirm.

In 2015, Petitioner was sentenced to five to twelve years' imprisonment for theft-related crimes. (Certified Record "C.R." at 9.) His original minimum and maximum dates, respectively, were March 16, 2017, and March 16, 2024. In March 2017, the Board released Petitioner on parole. (*Id.*) In December 2017, the Board declared him delinquent. (C.R. at 22.) On December 26, 2017, the Board lodged a detainer against Petitioner and the Scranton Police Department took him into custody. (C.R. at 34, 41, and 47.) On December 27, 2017, Petitioner was arrested

on new criminal charges at two Lackawanna County docket numbers and did not post bail. (C.R. at 116-27.) On January 3, 2018, he was arrested on new criminal charges at a third docket number and did not post bail. (C.R. at 128-32.) In February 2018, the Board issued a decision detaining Petitioner pending the disposition of the new criminal charges and recommitting him as a technical parole violator to serve six months' imprisonment. (C.R. at 77-79.) In March 2018, Petitioner pled guilty to the new charges. (C.R. at 116-32.) In July 2018, he was sentenced to three separate terms of imprisonment of thirty-sixty months, to be served *consecutively* in a state correctional institution. (C.R. at 109-11.)

In a November 2018 decision, the Board recommitted Petitioner as a convicted parole violator to serve thirty months' backtime, to be served *concurrently* with the six months for the technical parole violation. (C.R. at 142-43.) The Board did not award him any credit for time spent at liberty on parole. (C.R. at 142.) However, the Board applied one day of backtime credit to the 2553 days remaining on his original sentence for the day he was in custody solely on the Board's detainer between December 26 and 27, 2017. (C.R. at 140.) Accordingly, taking into account the 2552 days of backtime owed, the Board recalculated Petitioner's new maximum date as July 12, 2025. (*Id.*)

In December 2018, Petitioner appealed the Board's decision. (C.R. at 144.) In May 2019, the Board denied his petition for administrative review and affirmed its decision. (C.R. at 163-64.) Petitioner's petition for review followed. On appeal, Petitioner contends that the Board should have exercised the "equitable crediting" recognized by the Supreme Court in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299 (Pa. 2003), and applied the time that he served on both the Board's detainer and new criminal charges to his original sentence.

2

Thus, he contends that both his maximum sentence and reparole eligibility dates should be adjusted accordingly.

The law pertaining to what credit is owed to a parolee who is incarcerated pursuant to both a Board warrant and new criminal charges is as follows. The general rule is that pre-sentence periods of incarceration shall be credited to a convicted parole violator's original term only when he has satisfied bail requirements for a new offense and, therefore, remains incarcerated solely by reason of the Board's detainer. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). Where bail is not posted, the time incarcerated on both the new criminal charges and the Board's detainer must be applied to the new sentence. *Id.*

In *Martin*, the Supreme Court created an exception to the general rule by which a parolee may be entitled to credit on an original sentence for time spent in custody. The exception comes into play where a parolee is incarcerated both on new criminal charges and on a Board detainer before trial and, thereafter, is sentenced on the new charges to less time than he spent in pre-sentence detention. Under these circumstances, the time spent in confinement that is in excess of the sentence for the new criminal charges should be credited toward the original sentence. *Martin*, 840 A.2d at 309. Following *Martin*, the exception has been applied to cases where it is not possible to apply all of the credit to the new sentence because the period of pre-sentence incarceration exceeds the maximum term of the new sentence. *See, e.g., Jones v. Pa. Bd. of Prob. & Parole*, 872 A.2d 1283, 1285 (Pa. Cmwlth. 2005) (new sentence of two days less than pre-sentence custody time of four months, seventeen days); *Hears v. Pa. Bd. of Prob. & Parole*, 851 A.2d 1003, 1007 (Pa. Cmwlth. 2004) (new sentence of four days less than pre-sentence custody time of four months, twenty days).

In the present case, there was no basis to apply the *Martin* exception because the period of pre-sentence confinement was less than the new sentence. Petitioner was incarcerated on both the Board's detainer and his new criminal charges from December 27, 2017, to July 17, 2018, because he did not post bail on the new charges. When a parolee "[i]s detained under both the Board's warrant and the new criminal charges, this time is properly allocated to his new criminal sentence." *Hammonds v. Pa. Bd. of Prob. & Parole*, 143 A.3d 994, 999 (Pa. Cmwlth. 2016). Consequently, we find no error in the Board's decision to apply the pre-sentence period of confinement to the new sentence in accordance with *Gaito*.

Accordingly, we affirm.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Scott Kobesky,                          :
                    Petitioner          :
                                        :
          v.                            :   No. 812 C.D. 2019
                                        :
Pennsylvania Board of Probation         :
and Parole,                             :
                    Respondent          :

# **O R D E R**

AND NOW, this 13th day of April, 2020, the order of the Pennsylvania Board of Probation and Parole is hereby AFFIRMED.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge